1  **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2  Name ___Alls_____ ___Shawn_____ ___C_____
       (Last)          (First)        (Initial)

3  Prisoner Number ___E-62453_____

4  Institutional Address ___P.O. Box 689, Soledad Ca. 93960___

5

6

7  **UNITED STATES DISTRICT COURT**
    **NORTHERN DISTRICT OF CALIFORNIA**

8  Shawn C. Alls
  (Enter the full name of plaintiff in this action.)

9  CV ) 08 3807

    ) Case No. _____

10  vs.
    ) (To be provided by the clerk of court)
  Ben Curry, et. al., (warden)

11  ) **PETITION FOR A WRIT**
    ) **OF HABEAS CORPUS**

12  )  **PJH**

13  )

14  (Enter the full name of respondent(s) or jailor in this action)  **E-filing**  **(PR)**

15

16  **Read Comments Carefully Before Filling In**

17  **When and Where to File**

18      You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were **not** convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS    - 1 -

1  <u>Who to Name as Respondent</u>

2      You must name the person in whose actual custody you are. This usually means the Warden or

3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced. These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10  <u>A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE</u>

11      1. What sentence are you challenging in this petition?

12      (a)    Name and location of court that imposed sentence (for example; Alameda

13             County Superior Court, Oakland):

14      <u>Long Beach Superior Court     Los Angeles County</u>

15             Court                              Location

16      (b)    Case number, if known  <u>NA000134</u>

17      (c)    Date and terms of sentence <u>6-22-90 ( term 25 yrs to life</u>)

18      (d)    Are you now in custody serving this term? (Custody means being in jail, on

19             parole or probation, etc.)          Yes <u>X</u>    No ____

20             Where?

21             Name of Institution: <u>California Correctional Training</u>
                                    <u>Facility (CTF)</u>
22             Address: <u>P.O. Box 689, Soledad Ca. 93960</u>

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known. If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  <u>Petitioner is not challenging his sentence. Petitioner is</u>

27  <u>challenging the way his sentence is being executed.</u>

28  _____

**PET. FOR WRIT OF HAB. CORPUS        - 2 -**

3. Did you have any of the following?

    Arraignment:                           Yes _X_     No _____

    Preliminary Hearing:             Yes _X_     No _____

    Motion to Suppress:             Yes _____     No _X_

4. How did you plead?

    Guilty _____    Not Guilty _X_    Nolo Contendere _____

    Any other plea (specify) _____ NONE _____

5. If you went to trial, what kind of trial did you have?

    Jury _X_    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?           Yes _X_     No _____

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment             Yes _X_     No _____

    (b)    Preliminary hearing      Yes _X_     No _____

    (c)    Time of plea            Yes _X_     No _____

    (d)    Trial                    Yes _X_     No _____

    (e)    Sentencing              Yes _X_     No _____

    (f)    Appeal                 Yes _X_     No _____

    (g)    Other post-conviction proceeding    Yes _X_     No _____

8. Did you appeal your conviction?        Yes _X_     No _____

    (a)    If you did, to what court(s) did you appeal?

            Court of Appeal           Yes _X_     No _____

            Year: _1991-92_    Result: _conviction affirm_____

            Supreme Court of California    Yes _X_     No _____

            Year: _1992_    Result: _affirm_____

            Any other court           Yes _X_     No _____

            Year: _1998_    Result: _denied_____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS    - 3 -

1          petition?           Yes _____    No X

2      (c)    Was there an opinion?        Yes _____    No_____

3      (d)    Did you seek permission to file a late appeal under Rule 31(a)?   NA

4                       Yes _____    No_____

5          If you did, give the name of the court and the result:   NA

6             _____ NA _____

7

8 9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9 this conviction in any court, state or federal?        Yes X     No_____

10      [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11 challenged the same conviction you are challenging now and if that petition was denied or dismissed

12 with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13 for an order authorizing the district court to consider this petition. You may not file a second or

14 subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15 U.S.C. §§ 2244(b).]

16     (a)    If you sought relief in any proceeding other than an appeal, answer the following

17          questions for each proceeding. Attach extra paper if you need more space.

18        I.    Name of Court: NA

19            Type of Proceeding: NA

20            Grounds raised (Be brief but specific):

21            a. NA

22            b.

23            c.

24            d.

25            Result: NA _____ Date of Result:

26       II.    Name of Court:

27            Type of Proceeding:

28            Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS     - 4 -

1    a._____NA_____

2    b._____

3    c._____

4    d._____

5    Result: _____ _____Date of Result:_____

6    III.    Name of Court: ___NA_____ _____ _____

7    Type of Proceeding: _____

8    Grounds raised (Be brief but specific):
                          NA
9    a._____

10    b._____

11    c._____

12    d._____

13    Result: _____Date of Result:_____

14    IV.    Name of Court: ___NA_____

15    Type of Proceeding: _____

16    Grounds raised (Be brief but specific):

17    a._____NA_____

18    b._____

19    c._____

20    d.____·_____

21    Result: _____NA_____Date of Result:_____

22    (b)    Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                                      Yes _X_    No____

24    Name and location of court: _Superior Court (Los Angeles County)_
                                 and Pet. for review·Cal, Supreme Court
25    **B. GROUNDS FOR RELIEF**

26    State briefly every reason that you believe you are being confined unlawfully. Give facts to

27    support each claim. For example, what legal right or privilege were you denied? What happened?

28    Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1  need more space. Answer the same questions for each claim.

2      [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5      Claim One: See attachment sheets(1-10) _____

6  _____

7      Supporting Facts:_____'"_____"_____

8  _____

9  _____

10 _____

11     Claim Two:____"_____"_____

12 _____

13     Supporting Facts:____"_____"_____

14 _____

15 _____

16 _____

17     Claim Three:_____

18 _____

19     Supporting Facts:_____

20 _____

21 _____

22 _____

23     If any of these grounds was not previously presented to any other court, state briefly which

24 grounds were not presented and why: NA

25 _____

26 _____

27 _____

28 _____

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1        List, by name and citation only, any cases that you think are close factually to yours so that they

2 are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3 of these cases:

4    See attachment sheet  1-10

5

6

7 Do you have an attorney for this petition?                 Yes____    No_X__

8 If you do, give the name and address of your attorney:

9        NA

10        WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11 this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13 Executed on   July 31, 2008               _Shawn S__

14           Date                       Signature of Petitioner

20 (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS     - 7 -

1

## INTRODUCTION

2

1. Petitioner contended, to **The Superior Court** that he is being

3

illegally detained by respondent.  Petitioner further contended,

4

that this restraint is the direct result of the respondent's

5

failure to ensure that institutional staff follow the statutory

6

requirements and regulatory authority which govern initial parole

7

hearing.

8

2. Petitioner minimum eligible parole release date (hereafter

9

MEPD) was set at March 23, 2006.  One year prior to petitioner

10

MEPD the parole board shall meet with him and shall normally set

11

a parole release date. (Cal. Penal Code 3041(a).

12

3. Sometime during the year **2003-2005** the Correctional Training

13

Facility (CTF) record personnel clerk elected (take 180 days of

14

credit) to change petitioner (MEPD) without following procedure,

15

from March 23, 2006 to September 19, 2006 for a rule violation

16

that occurred in **1992**

17

4. On February 18, 2005 petitioner noticed the change to his

18

(MEPD) when he received his copy of the CDC-128 G Classification

19

Annual Review chrono report from a hearing conducted on January

20

26, 2005.

21

5. Petitioner notified his counselor Ms. Baker and the (CTF)

22

record personnel clerk of the discrepancy regarding the (MEPD).

23

6. On May 11, 2005 counselor Ms. Baker summoned petitioner back

24

to classification for special review to address the discrepancy.

25

At this hearing the classification committee elected to restore

26

the 180 days credit loss.  Placing petitioner MEPD back at March

27

23, 2006.

28

I.

7. As it now stand petitioner MEPD March 23, 2006 has passed and petitioner has not attended nor participated in any Board proceeding.  By the Board not following the Statue, it has violated my liberty interest to be granted parole base on the Statutory requirement.

8. On September 25, 2006 the Superior Court filed petitioner writ of habeas corpus.  Petitioner contended, that because his initial parole hearing date was extended in error by the Board of Prison Term, they have lost jurisdiction to further act in this matter and the sentencing Court should be granted jurisdiction over his parole. (citing California Penal Code 3077.)

9. The **Superior Court** stated in its ruling; **"Petitioner does have a protected liberty interest in parole.  He also has a right to an initial hearing for a parole release date one year prior to his minimum eligible parole release date.  While it is regrettable that those rights were violated, the violations in and of themselves do not deprive the Board of continuing jurisdiction in matter of parole.  No matter how long an inmate has been confined, he will not be parole until he has been found suitable for parole by the Board. (Title 15 CCR section 2402.)"** (see exhibit [A] Superior Court ruliing)

10. In November 2007 Petitioner filed an appealed to the California Court of Appeal, Second Appellate District to contest the mere fact that, **Title 15 CCR section 2402** as it state at the beginning at this article  section **2400. "Parole Consideration Criteria and Guidelines for Murder Committed and Specified Attempted Murders."** Petitioner contended, although he was

1  sentence to a punishment of a term of 25 years to life **for a**
2  **Conspiracy to commit murder,** his conviction is not a **(MURDER**
3  **COMMITTED nor a SPECIFIED ATTEMPTED MURDER).**

4  11. Therefore the Superior Court ruling should be overturn
5  granting petitioner petition to be brought before the sentencing
6  court and the court should grant him parole base on petitioner
7  punishment according to the statute's.

8  12. On November 19, 2007 the California Appellate Court order the
9  attorney general to file an opposition to petitioner petition.
10 (see exhibit [B])

11 13. The attorney general filed an opposition (see exhibit [C])
12 the opposition does not include petitioner Parole Hearing
13 Transcript due to funding.

14 14. Petitioner filed a reply to the opposition. (see exhibit [D])
15 15. The California Court of Appeal, Second Appellate District
16 denied the petition. (see exhibit [E])

17 16. On April 17, 2008 Petitioner filed a Petition For Review with
18 the Supreme Court of California.  The Petition For Review was
19 denied May 21, 2008. (see exhibit [F]).

20                          **STATEMENT OF FACTS**

21   Petitioner is quoting the Superior Court order, in part, as
22 statement of facts.

23    "Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS"
24 "The Court has read and considered the petition for a writ of
25 habeas corpus filed September 25, 2006 and continued to July 31,
26 2007 for adjudications.  Petitioner contends that because his
27 initial parole hearing date was extended in error by the Board of
28

                                   3.

1  Prison Terms, they have lost jurisdiction to further act in this
2  matter and the Court should grant him a parole date."

3  "Petitioner does have a protected liberty interest in parole.
4  He also has a right to an initial hearing for a parole release
5  date one prior to his minimum eligible parole release date.

6  While it is regrettable that those rights were violated, the
7  violations in and of themselves do not deprive the Board of
8  continuing jurisdiction in the matter of parole.  No matter how
9  long an inmate has been confined, he will not be paroled until he
10 has been found suitable for parole by the Board. (Title 15 CCR
11 section 2402.)" (See exhibit [A] Superior Court order)

12                              **CONTENTION**

13 **(1).** Petitioner contends, his Federal due process rights has been
14 violated by the State Court holding him accountable under facts'
15 that he was not convicted by jury, a violation of 8th, 13th, and
16 14th Amendment of the United States Constitutions.

17 **(2).** Petitioner contends, the superior court interpretation of
18 the statute of California Penal Code 3041(a)(b)(c)(d)(e) does not
19 interpreted its reason that, "No matter how long an inmate has
20 been confined, he will not be parole until he has been found
21 suitable for parole by the Board." In which is a violation of
22 petitioner protected liberty interest confirm by Superior Court.
23 (see exhibit [A] Superior Court)

24
25
26
27
28
                              4.

**ARGUMENT 1.**

**THE STATE COURT HAS VIOLATED ITS OWN CONSTITUTION AND**
**FEDERAL CONSTITUTIONS BY CONTINUING MY INCARCERATION**
**UNDER A PROMULGATING REGULATIONS THAT DOES NOT APPLY**
**TO MY CONVICTION.**

The Superior Court agreed petitioner does have a protected liberty interest in parole, a right to an initial hearing for a parole release date one year prior to his minimum eligible parole release date, and those rights were violated.  Petitioner contends, the Superior Court justification for the violation (Title 15 CCR Section 2402) does not apply to his conviction. The mere fact, Title 15 CCR section (2402) start at §2400-2411, which state who this regulation apply to **"Parole Consideration Criteria and Guidelines for Murders Committed on or After November 8, 1978, and Specified Attempted Murder"** (See exhibit[G] Barclays California Code Regulations (section 2400))

The Courts'has alter Title 15 section 2400-2411 to continue incarceration with the knowledge that I do not have a **murder committed case nor do I have a specified attempted murder case violating U.S.C.A. Const. Amend.14; West's Ann.Cal. Const. Art. 1, §7(a)**

**In re Player** 53 Cal.Rptr.3d 233 (Cal.App.4 Dist. 2007).

In **Player** (supra) the court was faced with the Department of Correction ignoring its own regulations regarding programs and etc.. The court found " In doing so, we note that, the same rules of construction and interpretation of rules and regulations of administrative agencies.  [Citation.]'

5.

1   [Citations.]  '[W]e begin the fundamental rule that a court
2   should ascertain the intent of the legislature so as to
3   effectuate the purpose of the law.  [Citations.]  An equally
4   basic rule of statutory construction is, however, that courts
5   are bound to give effect to statutes according to the usual,
6   ordinary import of the language employed in framing them.
7   [Citations.]  Although a court may properly rely on extrinsic
8   aids, it should first turn to the words of the statute to
9   determine the intent of [those promulgating the regulation.]
10  [Citations.]  If the words of the statute are clear, the
11  court should not add to or alter them to accomplish a purpose
12  that does not appear on the face of the statute or from its
13  legislative history.  [Citations.]" (Richards supra, 16
14  Cal.App4th at pp. 97-98, 19 Cal. Rptr.2d 797.)

15  Petitioner contends, he has provided undisputed facts that
16  Title 15 CCR §2400-2411 does not apply to his commitment offense
17  and by holding me accountable under a promulgated regulations
18  that does not apply to my jury findings/conviction violates the
19  United States Constitution; Amendment 8th "...the right of trial
20  by jury shall be preserved, and no fact tried by a jury shall be
21  otherwise reexamined in any court of the United States..."
22  Amendment 13th (slavery abolished) section 1. "... neither
23  slavery nor involuntary servitude, except as a punishment for
24  crime whereof the party have been duly convicted..." Amendment
25  14th nor shall any state deprive any person of life, liberty, or
26  property without due process of law: nor deny to any person
27  within its jurisdiction the equal protection of the laws.
28

6.

1    Petitioner has provided, undisputed facts to the Court of

2  Appeal informing the Courts' that that regulation does not apply

3  to my conviction of a Conspiracy to commit murder and the mere

4  fact that no one was murdered in my commitment offense of a

5  conspiracy to commit murder case is not a murder resulting in

6  death. (see exhibit [H] Abstract of Judgement)

7  California Penal Code 182(a)(6) state; "...If the degree is not

8  so determined, the punishment for conspiracy to commit the felony

9  shall be that prescribed for the lesser degree, except in the

10  case of conspiracy to commit murder, in which case the punishment

11  shall be that prescribed for murder in the first degree."

12  Petitioner received a punishment of a term of 25 years to life

13  according to the statute in which petitioner contends that his

14  sentence would require him to serve at least 16 years and 8

15  months before he can be parole according to the statute.

16  Petitioner explained that to Court of Appeal, **the Court of Appeal**

17  **ruled; "Petitioner was granted an initial parole consideration**

18  **hearing prior to his minimum eligible parole date. Accordingly,**

19  **his liberty interest in parole was not violated. The petition is**

20  **denied."** (see exhibit [E] Court of Appeal) This ruling was

21  contrary to the Superior Court findings establishing the mere

22  fact those rights were violated. (see exhibit [A] Superior Court)

23  Petitioner contends, the Superior Court interpretation of the

24  statute of California Penal Code 3041(a)(b)(c)(d)(e) and     Title

25  15 CCR Section 2402 does not state, "No matter how long an inmate

26  has been confined, he will not be parole until he has been found

27  suitable for parole by the Board. Title 15 CCR section 2402." In

28

1  which is a violation of petitioner protected liberty interest.

2  confirm by this the same Superior Court. California Penal Code

3  3041(a) establishes for a initial hearing to **take place one year**

4  **prior** to an inmate minimum eligible parole release date and shall

5  normally set a parole release date as provided in section 3041.5,

6  in which petitioner minimum eligible parole release date is

7  establishes for **March 23, 2006.** By violated petitioner protected

8  liberty interest it denied me the opportunity to meet with a

9  Parole Board panel who shall normally set a parole release date.

10  Petitioner pray that this Court grant his petition by ordering

11  the sentencing Court jurisdiction over his parole matter, which

12  penalizes the Parole Board for violating my protected liberty

13  interest.

14  For example;

15  A person arrested must be taken before a magistrate without

16  unnecessary delay, and in any event no longer than two days,

17  Sundays and holidays excluded. If the two day period expires

18  when the court is not in session, the time for the initial

19  appearance will be extended until the next regular court session.

20  "This provision implies that the two-day period is actually based

21  on a forty-eight hour limit. It is pointed out that the

22  forty-eight hour restriction is not a blanket authority to hold

23  all arrested persons for that period of time without taking them

24  before magistrate. A delay in the initial appearance for a much

25  shorter time could be interpreted as an unnecessary delay. Some

26  states have a seventy-two hour limit instead of the forty-eight

27  hours, and a few states merely provide that an arrested person is

28

8.

1   not taken before a magistrate within the prescribed time, he must

2   be released.  Whether the person could be arrested again after

3   the release is doubtful; much would depend on the facts of the

4   particular case and the reason for the delay in the initial

5   appearance.  In some instances, the release of the accused will

6   result in a dismissal of the charge and will bar further

7   prosecutive action, particularly in misdemeanor cases."  The time

8   within which an initial appearance must be held and the penalties

9   that may be attached for the delay were placed in particular

10  emphasis by the landmark decision handed down by the United

11  States Supreme Court in 1943 in the case of McNabb v.United

12  States.  The facts of that case reveal that some of the

13  defendants were held for six days after the arrest before being

14  arraigned, during which time confessions were obtained from them.

15  The Court concluded that there was an unnecessary delay in the

16  arraignment, during which time these confessions were obtained.

17  To discourage unnecessary delay in arraignments, the court held

18  that any confession obtained during an unnecessary delay would be

19  inadmissibility as evidence in a court proceeding.  So the Court,

20  in that case, attached a very significant penalty to a delay in

21  arraigning an arrested person."  Petitioner is seeking similar

22  penalty in which the Board of Prison Term (now) board of parole

23  hearing lose jurisdiction to further act in this matter giving

24  the sentencing court jurisdiction over petitioner parole

25  proceeding to grant parole.

26

27

28

**CONCLUSION**

In conclusion, petitioner writ of habeas should be granted, ordering him back to the sentencing court which has jurisdiction over granting parole according to California Penal Code §3077 which

states;

"Jurisdiction to Grant Parole; Whenever a prisoner is sentenced in another county, only the county in which he was sentenced shall have jurisdiction to grant parole".

**PRAYER FOR RELIEF**

1. This Court grant petitioner petition and order, that he be brought back before the sentencing court for parole proceeding according to the statute of his commitment offense.

2. Grant Petitioner an Evidentiary Hearing

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe to be true.

Date: _July 31, 2008_        /s/ _Shawn Alls_

                                            Shawn Alls,

                                            Petitioner, Pro-Se

10.

# BARCLAYS CALIFORNIA CODE OF REGULATIONS

Register 2004, No. 20 **CALIFORNIA REGULATORY CODE SUPPLEMENT** May 14, 2004

# DIGEST OF NEW REGULATIONS

## CALIFORNIA REGULATORY CODE SUPPLEMENT DIGEST

Managing Editor: **Jane O'Brien**

Principal Editors: **Kathryn Ayres, Ruth Lafler**

Senior Editors: **Michael Christensen, Patricia Mullaly**

### OFFICIAL PUBLICATION

*Barclays California Code of Regulations* and *California Regulatory Code Supplement* are official publications of the State of California published under the direction of the California Office of Administrative Law, 300 Capitol Mall, Suite 1250, Sacramento, CA 95814, (916) 323-6225. Pursuant to title 17 of the United States Code, regulations of agencies, boards, commissions and departments of the State of California become matters of public domain when approved and filed with the Secretary of State. The compilation, styling, pagination, indexing, and editorial additions to *Barclays Code* and *Supplement* by the publisher's staff are copyrighted by West Group. All rights are reserved.

### SUBSCRIPTION INFORMATION

Barclays complete 38-volume *Code* may be purchased in printed form, microfiche or CD-ROM. Update services are available for all media. For user convenience, Barclays printed *Code* and update services are available for selected subjects to meet specific user needs. For a descriptive brochure and price list, please write: **Barclays Official California Code of Regulations**, P. O. Box 2006, San Francisco, CA 94126. FOR FASTER SERVICE, please call: 1-800-888-3600.

*The most comprehensive index available for the California Code of Regulations*

## THE MASTER INDEX

- Alphabetical by subject, with up to 4 levels of information
- Fully cross-referenced in legal and lay terms
- More than 148,329 references
- More than 13,050 cross-references
- Newly revised Statutes – Regulations table
- Only $408 (plus shipping and handling) or $648 for an annual subscription (2 issues yearly)

ORDER TODAY!
CALL 800–888–3600

## SUMMARIES OF NEW REGULATIONS

For subscribers to the amendment service for:
Title 15. Crime Prevention and Corrections
Division 2. Board of Prison Terms

Includes all amendments to regulations approved by the Office of Administrative Law and filed with the Secretary of State for the period 5/10/2004 through 5/14/2004.

## Title 15

*Prison Terms, Board of*

### Emergency adoption of parole consideration criteria for attempted murder

**Summary:** The Board of Prison Terms has made emergency amendments to regulations setting forth parole consideration criteria and guidelines for attempted murder. Prior to this action, offenders convicted of attempted murder were covered by the guidelines for murders generally. This action implements changes in statutory law by adopting new matrices providing specific criteria for: attempted murder on or after January 1, 1987; attempted murder of a peace officer or firefighter committed on or after January 1, 1995; and attempted murder of a peace officer or firefighter committed on or after January 1, 1998. Other amendments have been made for clarity and consistency and to update outdated cross–references, provisions and terms.

**Regulatory Action:** Emergency regulations. Changes affect title 15, sections 2000, 2400 and 2403.

**Filed:** 5/13/2004. **Effective:** 5/17/2004. **OAL File No.:** 04–0504–03

**Agency Contact:** Lori Manieri (916) 445–5277

# FILING INSTRUCTIONS

**YOU SUBSCRIBE TO:**
**ORDER CODE:** 15 02 001
**WHICH PROVIDES ALL AMENDMENTS TO:**
Title 15.   Crime Prevention and Corrections
Division 2.   Board of Prison Terms

---

**UPDATE HISTORY:**
October 17, 2003; Register 2003, No. 42
October 31, 2003; Register 2003, No. 44
November 7, 2003; Register 2003, No. 45
January 16, 2004; Register 2004, No. 3
March 5, 2004; Register 2004, No. 10
April 2, 2004; Register 2004, No. 14
April 16, 2004; Register 2004, No. 16
May 14, 2004; Register 2004, No. 20

---

| | Remove Old Pages | Insert New Pages | Check as D |
|---|---|---|---|
| Title 15.   Crime Prevention and Corrections | 41–44 | 41–44 | ☐ |
| | 73–76.2 | 73–76.4 | ☐ |



Digest of New Regulations
    Digest may be placed in a separate three ring binder.

---

Filing Instructions
    Place Filing Instructions at the beginning of the Code for your update history.

For Help in Filing
Call Customer Service
800–888–3600

# Division 2.    Board of Prison Terms

## Chapter 1.    General

## Article 1.    Rules of Construction and Definitions

### § 2000.    Rules of Construction and Definitions.

(a) Rules of Construction. The following rules of construction apply to the regulations contained in this division, except as otherwise noted:

(1) The enumeration of some criteria for the making of discretionary decisions does not prohibit the application of other criteria reasonably related to the decision being made.

(2) The order in which criteria are listed does not indicate their relative weight or importance.

(3) "Inmate," "prisoner," or "parolee" applies to any person who is or has been committed to the custody of the Director of Corrections, including inmates, residents, parolees, and dischargees, regardless of that person's present status.

(4) "Regulation" means rule or regulation.

(5) "Shall" is mandatory, "should" is advisory, and "may" is permissive.

(6) The past, present, or future tense includes the others.

(7) The masculine gender includes the feminine gender; the singular includes the plural.

(8) The symbol § refers only to board rules contained in this division.

(9) The time limits specified in these rules do not create a right to have the specified action taken within the time limits. The time limits are directory, and the failure to meet them does not preclude taking the specified action beyond the time limits.

(b) Definitions. For the purpose of the regulations contained in this division the definitions below shall have the following meanings:

(1) ISL Prisoner. A person sentenced to prison for a crime committed on or before June 30, 1977, who would have been sentenced pursuant to Penal Code section 1170 if he had committed the crime on or after July 1, 1977.

(2) DSL Prisoner. A person sentenced to prison pursuant to Penal Code section 1170 for a crime committed on or after July 1, 1977. For the purpose of these rules, once an ISL prisoner has received a retroactively calculated DSL release date all rules applying to DSL prisoners apply to the ISL prisoner's DSL release date and parole.

(3) Life Prisoner. A prisoner serving a sentence of life with the possibility of parole. The parole date is determined by the board. Life sentences may be imposed for the following crimes or conspiracy to commit any of the following crimes:

(A) First degree murder (Penal Code section 187).

(B) Second degree murder (Penal Code section 187) committed on or after November 8, 1978.

(C) Kidnapping for extortion or ransom, with bodily harm to the victim (before September 22, 1951) and without bodily harm to the victim (since September 22, 1951); and kidnapping for robbery (Penal Code section 209).

(D) Train wrecking not resulting in death or bodily harm (Penal Code section 219).

(E) Sabotage resulting in death or great bodily harm (former Military and Veterans Code section 1672a).

(F) Certain forms of aggravated assault by a prisoner serving a sentence of life imprisonment (Penal Code section 4500).

(G) Exploding a destructive device causing mayhem or great bodily injury (Penal Code section 12310).

(H) Attempt to murder a government official in retaliation for or prevention of his performance of official duties. (Penal Code section 217.1).

(I) Habitual Sex Offender, Penal Code section 667.51(c): A party who has violated Penal Code section 288 (committing lewd or lascivious acts or crimes against children) and who has served two or more prison terms as defined in section 667.5 as punishment for violation of an offense listed in subdivision (b), including commission to the state hospital.

(J) Habitual Offender, Penal Code section 667.7: Any party convicted of a felony involving or likely to involve infliction of great bodily harm, and who has served two or more prior prison terms as per section 667.5 for crimes of murder, mayhem, rape, etc. or any felony punishable by death or life imprisonment, with or without possibility of parole.

(K) Attempted willful, deliberate, and premeditated murder as defined in Penal Code section 189 (Penal Code sections 187, 664).

(L) Aggravated mayhem (Penal Code section 205).

(M) A new conviction or violation of any of specified controlled substance provisions where the person has served two separate prior prison terms upon conviction of any of the specified provisions (Penal Code section 667.75).

(N) Attempted murder of a peace officer or firefighter committed on or after January 1, 1995 (Penal Code section 664).

(O) Attempted willful, deliberate, and premeditated murder of a peace officer or firefighter committed on or after January 1, 1998 (Penal Code section 664).

(4) Adjusted Maximum DSL Date. This date is computed by adding any at large time to the unadjusted maximum DSL date.

(5) Agent. See Parole Agent.

(6) Asylum State. The state other than California in which a parolee-at-large (PAL) is in custody.

(7) Battered Woman Syndrome. Evidence of the effects of physical, emotional, or mental abuse upon the beliefs, perceptions, or behavior of victims of domestic violence where it appears the criminal behavior was the result of that victimization.

(8) Board. See Board of Prison Terms.

(9) Board Action. An official decision of the board in an individual case.

(10) Board of Prison Terms (BPT). The administrative board responsible for setting parole dates, establishing parole length and conditions, discharging sentences for certain prisoners and parolees; granting, rescinding, suspending, postponing, or revoking paroles; conducting disparate sentence reviews; advising on clemency matters; and handling miscellaneous other statutory duties. Persons under the board's jurisdiction are all adult felons committed by superior courts to the Director of Corrections under Penal Code sections 1168 and 1170 and all adult felons sentenced under the Indeterminate Sentence Law.

(11) Briggs Initiative: Proposition 7, November 7, 1978 general election, specifying new minimum eligible parole release dates for first and second degree murders, effective November 8, 1978.

(12) C&PR. Classification and Parole Representative: the department employee at each prison who has been designated to be that prison's liaison with the board. Such designation shall be made by the Director of Corrections after consultation with the board.

(13) California Agency Parolee. A felon released from confinement in a California prison to supervision in a California community who subsequently is within the custody of any agency of the State of California or any subdivision thereof except the Department of Corrections.

(14) California Agency Prisoner. A prisoner who has been transferred from the custody of the Director of Corrections to the custody of any agency of the State of California or any subdivision thereof.

(15) California Concurrent Parolee. A prisoner on parole from a California sentence and a sentence of another jurisdiction who is being supervised in a California community pursuant to the Uniform Act for Out-of-State Parole Supervision (Penal Code sections 11175–11179).

(16) Case Conference. A documented conference between a parole agent and his supervisor to discuss a parolee's behavior.

(17) Central File. A master file maintained by the department containing records regarding each person committed to its jurisdiction. This file



is maintained by the institution or parole region to which the person is assigned. See department regulations for the specific contents of this file.

(18) Central Office. The board office in Sacramento.

(19) Central Office Calendar. The central office calendar is composed of commissioners or deputy commissioners as designated by the chairman. They are authorized to make decisions regarding matters reported to the board, including the decision to order a hearing scheduled.

(20) Central Office File. A folder maintained by the department's Chief Records Administrator in Sacramento regarding each felon. The file contains copies of some records and correspondence accumulated during commitment.

(21) Central Office Hearing Coordinator. The board employee at the central office who is responsible for schedules, attorney appointments, and other services related to hearings.

(22) Chairperson. The administrative head of the board who is designated by the Governor pursuant to Penal Code section 5075.

(23) Commissioner. An official of the board appointed by the Governor pursuant to Penal Code Section 5075.

(24) Community Release Board (CRB). The name of the Board of Prison Terms prior to the name change effective January 1, 1980. Any references to Community Release Board apply to the Board of Prison Terms.

(25) Concurrent Parolee. A prisoner on parole from a California sentence and a sentence of another jurisdiction who is being supervised in a state other than California pursuant to the Uniform Act for Out-of-State Parole Supervision (Penal Code sections 11175–11179).

(26) Concurrent Prisoner. A California prisoner, also under sentence of another state, who is concurrently serving both sentences in a penal institution of the other state.

(27) Conditions of Parole. The specific conditions under which a prisoner is released to parole supervision.

(28) Consecutive Prisoner. A California prisoner, also under sentence of another state, who is confined in a penal institution of the other state and whose California term shall commence upon completion of the other state's sentence.

(29) Consecutive Term. Pursuant to amendments to Penal Code Section 669, effective January 1, 1979, a life term may be imposed consecutive to a determinate term.

(30) Cooperative Parolee. A felon released from confinement in a California prison to supervision in a state other than California pursuant to the Uniform Act for Out–of–State Parole Supervision (Penal Code sections 11175–11179).

(31) Coordinator Staff. Department (institution and P&CSD) and board staff who coordinate parole postponement, rescission, and revocation hearings.

(32) CRC. California Rehabilitation Center: a control and treatment institution for civilly committed narcotic addicts.

(33) Criminal conduct. Conduct constituting a felony or misdemeanor under federal, state, or county law.

(34) Cum. Sum. Cumulative Case Summary: the permanent and cumulative summary of specific portions of the record maintained by the department regarding each prisoner from reception to discharge.

(35) Department. The Department of Corrections.

(36) Deputy Commissioner. An official of the board employed pursuant to Penal Code Section 5076.1.

(37) DSL. Uniform Determinate Sentencing Act of 1976. Stats. 1976, Chapter 1139 as amended by Stats. 1977, Chapter 165. This refers to sections of the Penal Code and other Codes as they became operative July 1, 1977.

(38) DOP. A difference of opinion regarding a prisoner's or parolee's case requiring resolution at higher level.

(39) Director of Corrections. The administrative head of the Department of Corrections appointed by the Governor. See Penal Code sections 5050 and 5051.

(40) Dispositional Witness. A dispositional witness is one whose expected testimony provides information regarding the overall adjustment

of the prisoner or parolee or other factors to be considered when rendering a disposition in a proceeding.

(41) District Administrator. A parole administrator in the P&CSD with supervisory and managerial responsibilities.

(42) District Hearing Agent (DHA). The P&CSD staff person responsible for application of specific procedures pertaining to the parole revocation hearing process; the primary liaison between the P&CSD and the board in matters and procedures pertaining to the parole revocation hearing process.

(43) Effective Discharge Date. The effective discharge date is the latest date on which the jurisdiction of the board and the department over the individual expires.

(44) Evidentiary Witness. An evidentiary witness is a person who perceived, reported on, or investigated an event material to the proceeding. An event material to a proceeding is an act or omission allegedly committed by the prisoner or parolee which is a basis for the proceeding. An evidentiary witness is one whose expected testimony either supports or refutes an act or omission allegedly committed by the parolee or prisoner.

(45) Federal Concurrent Prisoner. A California prisoner, also under sentence of the United States, who is concurrently serving both sentences in a federal institution.

(46) Federal Consecutive Prisoner. A California prisoner, also under sentence of the United States, who is confined in a penal institution of the United States and whose California term shall commence upon completion of the United States' sentence.

(47) Federal Contract Prisoner. A California prisoner who is confined in a federal institution pursuant to Penal Code section 2911.

(48) Field File. A working file maintained by a parole unit office containing information about a parolee and his current parole.

(49) Full Board. The commissioners performing the function of meeting en banc in either public or executive session. At least five commissioners shall participate when performing this function and no action shall be valid unless it is concurred in by a majority vote of those present.

(50) Good Cause. A finding by the board based upon a preponderance of the evidence that there is a factual basis and good reason for the decision made.

(51) Good Time Credit. Credit for a DSL prisoner's good behavior and participation in prison program received pursuant to Penal Code section 2930, et seq. Good time credit advances the DSL release date.

(52) Hearing. A proceeding at which evidence is received for use in deciding factual and dispositional questions.

(53) Hearing Panel. One or more persons (commissioners, deputy commissioners or a combination thereof) assigned to consider a case or make a decision.

(54) Hold. A request by a department employee that a parolee be held in custody until further notice. A person under a parole hold is not eligible for bail.

(55) ICC Prisoner. A California prisoner who is confined in a penal institution of another state pursuant to the Interstate Corrections Compact (See Penal Code section 11189).

(56) Incarcerating Jurisdiction. The jurisdiction where a WICC, ICC, Federal contract, Federal concurrent or concurrent prisoner is incarcerated.

(57) Institution Hearing Coordinator. A department employee assigned to coordinate the rescission process within that institution.

(58) Interstate Unit. The section of the P & CSD which coordinates the supervision of California cooperative parolees and the return of parolees–at–large from asylum states. The Division of the Department of Corrections which has responsibility for federal contract, federal concurrent, WICC, ICC and consecutive prisoners and multijurisdiction parolees incarcerated in the prison of another jurisdiction.

(59) ISL. Indeterminate Sentence Law. This refers to sections of the Penal Code and other Codes as they were operative prior to July 1, 1977.

(60) ISL Release Date. The date on which an ISL prisoner may be released from confinement pursuant to the ISL. The release may be a release to parole or a release to discharge.



(61) Located in California. A multijurisdiction prisoner is located in California if he is a federal contract, federal consecutive or federal concurrent prisoner incarcerated in a federal correctional institution located in California; a California agency prisoner; or an out–to–court prisoner brought before a California court.

(62) Located Outside California. A multijurisdiction prisoner is located outside California if he is a federal compact, federal consecutive or federal concurrent prisoner incarcerated in a federal correctional institution located outside California; a concurrent prisoner; a consecutive prisoner; a WICC prisoner; an ICC prisoner or an out–to–court prisoner brought before a court outside California.

(63) Material Evidence. Evidence which has a substantial bearing on matters in dispute and legitimate and effective influence on the decision of a case.

(64) M.R.D.: Maximum Release Date: the latest date on which a DSL prisoner can be released from confinement. This date is computed by subtracting preprison credit from the period of confinement prescribed by the court and adding this period of time to the reception date. In computing the maximum release date, good time credit is not subtracted. This date shall be recomputed to reflect the addition of any time at large.

(65) Maximum Term. The longest statutory period of time an ISL nonlife 1168 or life prisoner may remain under the jurisdiction of the board.

(66) Minimum DSL Date. The earliest date on which a DSL prisoner may be released from prison. This date is computed by subtracting all preprison credit and all possible good time credit from and adding any at–large–time to the period of confinement under the DSL and adding this period of time to the reception date.

(67) Minimum Eligible Parole Date (MEPD). The earliest date on which an ISL or life prisoner may legally be released on parole. If a prisoner is serving both a life or ISL sentence and a determinate sentence and the determinate sentence release date is later than the statutory MEPD for the life or ISL sentence, the determinate sentence release date is the MEPD.

(68) Minimum Term. The shortest statutory period of time an ISL prisoner must remain under the jurisdiction of the board, including time in prison and on parole.

(69) Multijurisdiction Parolee. Any concurrent, California concurrent, California agency, or cooperative parolee.

(70) Multijurisdiction Prisoner. Any federal contract, federal concurrent, federal consecutive, concurrent, consecutive, California agency, WICC or ICC prisoner.

(71) NAEA. The Narcotic Addict Evaluation Authority: the releasing authority for persons civilly committed to the custody of the Director of the Department of Corrections for treatment of narcotics addiction. See Welfare and Institutions Code section 3150 et seq.

(72) Out–to–Court Prisoner. A California prisoner who is temporarily removed from a department institution to be brought before a court to be tried for an offense, to be examined by a grand jury or magistrate, or for any other proceedings.

(73) Outpatient Clinic. See POC.

(74) P&CSD. Parole and Community Services Division: department staff who supervise parolees and provide a variety of field services.

(75) PAL. Parolee at large: an absconder from parole supervision, who is officially declared a fugitive by board action suspending parole.

(76) Parole Agent. An employee or any of his supervisors in the Department of Corrections who is assigned to supervise adult felons and civilly committed addicts released to the supervision of the P&CSD.

(77) Parolee. A felon released from confinement in state prison to supervision in the community.

(78) Parole Consideration Hearing. Any hearing at which a prisoner's parole suitability is considered including an initial parole hearing, subsequent hearing, and rehearing.

(79) Parole Hold. See Hold.

(80) Parole Violation. Conduct by a parolee which violates the conditions of parole or otherwise provides good cause for the modification or revocation of parole.

(81) Parole Violation Extension. An extension of return to custody time for a parolee in revoked status.

(82) Parole Violator. A parolee who is found to have violated parole and who may be reconfined pursuant to Penal Code section 3057. A parolee returned to prison with a new court commitment is not a parole violator under these rules even if he has been found in violation of parole.

(83) POC. Parole Outpatient Clinic: a section of the P&CSD which provides psychiatric and psychological treatment and evaluation of parolees.

(84) Preprison Credit. Credit for time in custody as certified by the court and provided for in Penal Code section 2900.5.

(85) Probable Cause. A state of facts as would lead a person of ordinary caution and prudence to believe and conscientiously entertain a strong suspicion that the charges are true.

(86) Rap Sheet. The "State Summary Criminal History Information" containing the arrest and dispositional information defined in Penal Code section 11105.

(87) RC. Reception center: an institution designated by the director as a center for the reception of prisoners newly committed to the Department of Corrections.

(88) Receiving State. The state which supervises a cooperative parolee or a concurrent parolee.

(89) Regional Administrator. Administrator of a geographical region in the P&CSD.

(90) Regional Hearing Coordinator. The parole agent assigned to coordinate the revocation process within a P&CSD region.

(91) Relevant Evidence. Evidence which tends to prove or disprove an issue or fact in dispute.

(92) Revocation File. A file containing the documents pertinent to a particular revocation proceeding.

(93) Screening Offer. An offer of a disposition to a parolee when revocation or revocation extension charges are pending.

(94) Sending State. The state where a concurrent parolee was imprisoned.

(95) Slough File. A file supplemental to the central file containing bulky or seldom needed records.

(96) Staff Representative. A department employee who assists the board during a hearing.

(97) Subpoena. A means to secure the attendance of a witness at a parole revocation or rescission hearing. It is an order directed to a person requiring that person's attendance at a particular time and place to testify as a witness.

(98) Subpoena Duces Tecum. A means to secure the delivery of documentary evidence to parole revocation or rescission hearings, ordering that person to deliver documentary evidence at a particular time and place and testify about that evidence.

(99) Unadjusted Maximum DSL Date. This date is computed by subtracting preprison credit from the period of confinement under the DSL and adding this period of time to reception date. In computing the unadjusted maximum good time credit is not subtracted. This date does not reflect the addition of any time at large (see Adjusted Maximum DSL Date).

(100) Unit File. See field file.

(101) Unit Supervisor. A supervisor of case–carrying agents in the P&CSD.

(102) WICC Prisoner. A California prisoner who is confined in a penal institution of another state pursuant to the Western Interstate Corrections Compact. (See Penal Code Section 11190.)

(103) Work–Time–Credit: A reduction of the time served for performance in work, training or education programs.

NOTE: Authority cited: Sections 3041, 3052 and 5076.2, Penal Code. Reference: Sections 187, 189, 205, 209, 217.1, 219, 664, 667.51(c), 667.7, 667.75, 669, 2933, 3041, 3046, 3056, 3057, 3060, 4500, 4801, 5075, 5076.1 and 12310, Penal Code; Section 1672(a), Military and Veterans Code; and Initiative, Proposition 7, November 7, 1978, General Election.

## HISTORY

1. Repealer of Division 2 (Sections 2000–2725) and new Division 2 (Sections 2000–2819) filed 7–5–77 as an emergency; effective upon filing (Register 77, No. 28). For history of former Division 2, see Register 76, No. 21.
2. Amendment filed 10–27–77 as an emergency; effective upon filing. Certificate of Compliance included (Register 77, No. 44).
3. Certificate of Compliance as to 7–5–77 filing filed 10–28–77 (Register 77, No. 44).
4. Amendment filed 2–17–78; effective thirtieth day thereafter (Register 78, No. 7).
5. Amendment of subsection (b) filed 6–11–79; effective thirtieth day thereafter (Register 79, No. 24).
6. Editorial correction (Register 79, No. 38).
7. Amendment of subsection (b) filed 10–25–79; effective thirtieth day thereafter (Register 79, No. 43).
8. Amendment filed 12–28–79 as procedural and organizational; designated effective 1–1–80 (Register 79, No. 52).
9. New subsection (a)(9) filed 5–1–80; effective thirtieth day thereafter (Register 80, No. 18).
10. Amendment of subsection (b) filed 5–28–81; effective thirtieth day thereafter (Register 81, No. 22).
11. Amendment of subsection (b) filed 3–7–84; effective thirtieth day thereafter (Register 84, No. 10).
12. Amendment of subsection (b) filed 11–13–85; effective thirtieth day thereafter (Register 85, No. 46).
13. Amendment of subsection (b) filed 3–11–87; effective thirtieth day thereafter (Register 87, No. 11).
14. Amendment of subsection (b) filed 1–20–88; operative 2–19–88 (Register 88, No. 5).
15. Amendment of subsection (b) filed 1–19–90; operative 2–18–90 (Register 90, No. 5).
16. New subsection (b)(33) and subsection renumbering filed 9–23–96; operative 10–23–96 (Register 96, No. 39).
17. New subsection (b)(8), subsection renumbering, and amendment of NOTE filed 3–16–2001 as an emergency; operative 3–16–2001 (Register 2001, No. 11). A Certificate of Compliance must be transmitted to OAL by 7–16–2001 or emergency language will be repealed by operation of law on the following day.
18. Certificate of Compliance as to 3–16–2001 order transmitted to OAL 7–16–2001 and filed 8–20–2001 (Register 2001, No. 34).
19. Amendment filed 1–23–2003; operative 1–23–2003 pursuant to Government Code section 11343.4 (Register 2003, No. 4).
20. Amendment of subsection (b)(22), new subsection (b)(49) and amendment of NOTE filed 10–14–2003; operative 11–13–2003 (Register 2003, No. 42).
21. Amendment of subsections (b)(1)–(2) and new subsections (b)(3)(N)–(O) filed 5–13–2004 as an emergency; operative 5–17–2004 (Register 2004, No. 20). A Certificate of Compliance must be transmitted to OAL by 9–14–2004 or emergency language will be repealed by operation of law on the following day.

# Article 2.   Personnel

## § 2005.   Conflict of Interest Code.

(a) General. The terms of California Code of Regulations, title 2, Section 18730 and any duly adopted amendments adopted by the Fair Political Practices Commission, along with the attached Appendix in which officials and employees are designated and disclosure categories are set forth, are hereby incorporated by reference and constitute the Conflict of Interest Code of the Board of Prison Terms.

(b) Designated Employees: Statements. Designated employees shall file statements of economic interests with the Board. Upon receipt of the statements of Commissioners of the Board and the Executive Officer, the Board shall make and retain a copy and forward the original of these statements to the Fair Political Practices Commission. Statements of all other designated employees of the Board shall be retained by the Board. NOTE: Authority cited: Sections 87300 and 87304, Government Code. Reference: Section 87300, et seq., Government Code; and Section 5075, Penal Code.

### HISTORY

1. New article 2 (section 2005 and Appendix) filed 3–27–86; effective thirtieth day thereafter. Approved by Fair Political Practices Commission 3–4–86 (Register 86, No. 13). For history of former article 2, Sections 2005–2009, see Register 82, No. 52.
2. Editorial correction of History NOTE 1 in addition to printing of Appendix which was filed on 3–27–86 but inadvertently omitted during the publication of Register 86, No. 13 (Register 88, No. 5).
3. Amendment filed 1–20–88; operative 2–19–88 (Register 88, No. 5).
4. Amendment of Appendix filed 1–19–90; operative 2–18–90 (Register 90, No. 5).
5. Designation and amendment of subsections (a) and (b), new subsections (c) and (d) and amendment of Appendix filed 1–12–93 (Register 93, No. 3). Submitted

to OAL for printing purposes only pursuant to Government Code section 11343.8. Approved by Fair Political Practices Commission 11–9–92.
6. Editorial correction of subsections (c)–(d) (Register 95, No. 42).
7. Amendment of section and Appendix filed 2–28–2002; operative 3–30–2002. Approved by Fair Political Practices Commission 1–22–2002 (Register 2002, No. 9).
8. Amendment of Appendix filed 3–3–2004; operative 4–2–2004. Approved by Fair Political Practices Commission 12–18–2003 (Register 2004, No. 10).

## Appendix

| Designated Employees | Disclosure Categories |
|---|---|
| Commissioners | 1 |
| Executive Officer | 1 |
| Chief Counsel | 1 |
| Staff Counsel III | 2 |
| Staff Counsel | 2 |
| Chief Deputy Commissioner | 2 |
| Associate Chief Deputy Commissioners | 2 |
| Deputy Commissioners | 2 |
| Parole Agent III/Executive Division | 3 |
| Chief, Administrative Services | 3 |
| Chief, Investigations | 2 |
| Chief, Offender Screening | 2 |
| Chief, Policy and Appeals | 2 |
| Senior Programmer Analyst, Data Processing | 3 |
| Staff Services Manager I, Fiscal/Business Services | 3 |
| Staff Services Manager I, Scheduling/Decision Processing Unit | 3 |
| Consultant | [FNa1] |

*Disclosure Categories*

Category 1

Employees shall report all investments, interests in real property, business positions and sources of income which include gifts, loans and travel payments.

Category 2

Employees shall report business entities in which they have an investment or business position, and all sources of income which include gifts, loans and travel payments.

*Category 3*

Employees shall report business entities in which they have an investment or business position, and sources of income, if the business entity or source of income is of the type which contracts with the Board of Prison Terms or with the State of California to provide services, supplies, materials, machinery or equipment. Income includes gifts, loans and travel payments.

[FNa1] The Executive Officer may determine in writing that a particular consultant, although a "designated position," is hired to perform a range of duties that is limited in scope and thus is not required to fully comply with the disclosure requirements in this section. Such written determination shall include a description of the consultant's duties and, based upon that description, a statement of the extent of disclosure requirements. The Executive Officer's determination is a public record and shall be retained for public inspection in the same manner and location as this conflict of interest code.

---

# Article 3.   Policy Making Procedures

## § 2015.   Board Meetings.

NOTE: Authority cited: Section 5076.2, Penal Code. Reference: Section 5076.1, Penal Code.

### HISTORY

1. Amendment of section title filed 12–28–79 as procedural and organizational; designated effective 1–1–80 (Register 79, No. 52).
2. Repealer filed 12–22–82 by OAL pursuant to Government Code Section 11349.7(j) (Register 82, No. 52).

## § 2016.   Adoption of Policy and Procedures: The Board Rules.

NOTE: Authority cited: Section 5076.2, Penal Code. Reference: Section 5076.2, Penal Code.



ment procedures and for submitting any documents within a sufficient time prior to the hearing date so that they may be considered by the panel.

(g) Impartial Panel. The prisoner shall have the rights specified in Section 2250.

(h) Assistance. The prisoner shall have the rights specified in Section 2251. The department is responsible for establishing procedures for providing a prisoner located outside California with appropriate assistance during the hearing.

(i) Department Representative. The prisoner shall have the rights specified in Section 2252.

(j) Continuance. The prisoner shall have the rights specified in Section 2253.(k) Record of Hearing. The prisoner shall have the rights specified in Section 2254.

(l) Written Statement of Decision. The prisoner shall have the rights specified in Section 2255.

NOTE: Authority cited: Section 5076.2, Penal Code. Reference: Sections 1389.7, 3041.5, 11190 and 11193, Penal Code.

HISTORY

1. Amendment filed 10–27–77 as an emergency; effective upon filing. Certificate of Compliance included (Register 77, No. 44).
2. Amendment of subsection (b) filed 7–14–78 as an emergency; effective upon filing (Register 78, No. 28).
3. Certificate of Compliance filed 10–27–78 (Register 78, No. 43).

### § 2368.   Prehearing Procedures.

Upon notification that the board at the central office calendar has ordered a hearing for a multijurisdiction prisoner or parolee, the central office hearing coordinator shall assure that the officials of the other jurisdiction have done the following:

(a) Scheduled the hearing.

(b) Met time limits.

(c) Advised the prisoner or parolee of his rights.

(d) Screened the prisoner's or parolee's requests for witnesses, if applicable.

(e) Notified any necessary witnesses of the date, time and place of the hearing, if applicable.

(f) Disclosed all documentary and physical evidence unless designated confidential under Section 2235.

(g) Decided requests for continuances under Section 2253.

(h) Arranged necessary attorney representation, if applicable.

(i) Otherwise prepared the case for a hearing.

### § 2369.   Documentation Hearing.

At this hearing, the panel shall review the prisoner's activities and conduct considering the criteria in §§ 2290 and 2410 and document activities and conduct pertinent to granting and withholding postconviction credit. This hearing shall be conducted by a one person panel and the panel member shall be a commissioner or deputy commissioner. The hearing shall be scheduled pursuant to § 2269.1. For multijurisdiction prisoners located outside California, the hearing may be conducted over the telephone or by videoconferencing.

NOTE: Authority cited: Section 5076.2, Penal Code. Reference: Section 1389.7, 3041, 3041.5, 11190 and 11193, Penal Code.

HISTORY

1. Amendment of section heading, repealer and new section and new NOTE filed 6–17–2003; operative 7–17–2003 (Register 2003, No. 25).

### § 2370.   Initial Parole Hearing: Prisoner Rights.

(a) Multijurisdiction Prisoners Located in California. At the hearing specified in Section 2268 all multijurisdiction prisoners located in California, shall have the rights specified in Sections 2245–2255.

(b) Multijurisdiction Prisoners Located Outside California. At the hearing specified in Section 2268, all multijurisdiction prisoners located outside California shall have the rights specified in Section 2367. The hearing shall be a telephone hearing.

(c) Record. The record of the hearing shall be a verbatim transcript.

(d) Decision. In making a decision concerning parole for multijurisdiction prisoners the hearing panel shall make one of the following decisions considering the factors enumerated:

(1) To discharge the California sentence at the minimum eligible parole date and waive parole when the crime for which the prisoner has been committed to the other jurisdiction is more serious than the California crime or when the prisoner has stronger family, social or economic ties to the other jurisdiction than he does to California.

(2) To set the California term as provided in this Chapter if the prisoner would serve substantially more time for the California crimes than for the crimes committed in the other jurisdiction, the prisoner has stronger social, family or economic ties to California or the panel determines that discharge would be inappropriate.

NOTE: Authority cited: Section 5076.2, Penal Code. Reference: Sections 1170.2, 3041, 3041.5 and 3041.7, Penal Code.

HISTORY

1. Amendment of section title filed 10–27–77 as an emergency; effective upon filing. Certificate of Compliance included (Register 77, No. 44).
2. New subsection (d) filed 4–4–78; effective thirtieth day thereafter (Register 78, No. 14).
3. Amendment of subsection (d)(2) filed 8–12–82; effective thirtieth day thereafter (Register 82, No. 33)

### § 2371.   Progress Hearing: Prisoner Rights.

(a) Multijurisdiction Prisoners Located in California. At the hearing specified in Section 2269, all multijurisdiction prisoners located in California shall have the rights specified in Sections 2245–2255.

(b) Multijurisdiction Prisoners Located Outside California. At the hearing specified in Section 2269, all multijurisdiction prisoners located outside California shall have the rights specified in Section 2367. The hearing shall be a telephone hearing.

(c) Record. The record of the hearing shall be a verbatim transcript.

HISTORY

1. Amendment of section title filed 10–27–77 as an emergency; effective upon filing. Certificate of Compliance included (Register 77, No. 44).

### § 2372.   Subsequent Parole Hearing: Prisoner Rights.

(a) Multijurisdiction Prisoners Located in California.

At the hearing specified in Section 2270 all multijurisdiction prisoners located in California, shall have the rights specified in Sections 2245–2255.

(b) Multijurisdiction Prisoners Located Outside California.

At the hearing specified in Section 2270, all multijurisdiction prisoners located outside California shall have the rights specified in Section 2367. The hearing shall be a telephone hearing.

(c) Record.

The record of the hearing shall be a verbatim transcript.

HISTORY

1. Amendment of section title filed 10–27–77 as an emergency; effective upon filing. Certificate of Compliance included (Register 77, No. 44).

### § 2373.   Nonlife 1168 and ISL Prisoners: Parole Consideration Hearing Rights.

(a) Multijurisdiction Prisoners Located in California. At all hearings at which a prisoner is being considered for parole, all multijurisdiction prisoners located in California shall have the rights specified in Sections 2245–2255.

(b) Multijurisdiction Prisoners Located Outside California. At all hearings at which a prisoner is being considered for parole all multijurisdiction prisoners located outside California shall have the rights specified in Section 2367. The hearing shall be a telephone hearing.

(c) Record. The record of any parole consideration hearing shall be a tape recording. Until July 1, 1978, for all multijurisdiction ISL prisoners, the record shall be a written summary of the hearing prepared at the hearing by department staff. After July 1, 1978, the record shall be a tape recording.



1. Repealer of former Section 2373 and renumbering of Section 2374 to Section 2373 filed 6–11–79; effective thirtieth day thereafter (Register 79, No. 24). For history of former section, see Register 77, No. 44.

## Article 11. Parole Consideration Criteria and Guidelines for Murders Committed on or After November 8, 1978, and Specified Attempted Murder

### § 2400. Scope of Article.

The criteria and guidelines in this article apply to prisoners sentenced to prison for first and second degree murders committed on or after November 8, 1978 and attempted murders where the perpetrator is sentenced for life pursuant to the provisions of Penal Code section 664. The guidelines in this article are based on the public's expressed intent in amending Penal Code sections 190 and 664 that a person convicted of first or second degree murder or attempted murder, as specified, should be incarcerated for an extended period of time.

The prisoner's minimum eligible parole date is established by statute. The amount of good conduct credit that a prisoner sentenced for first and second degree murder may earn to reduce the minimum eligible parole date is established by statute. (Penal Code sections 2930 et seq.) Life prisoners convicted of attempted murder do not earn these credits. The department will determine the minimum eligible parole date. The length of time a prisoner must serve prior to actual release on parole is determined by the board. The amount of postconviction credit a prisoner may earn to reduce the length of time prior to release on parole is determined by the board. This article implements Penal Code section 3041 and concerns only the board's exercise of discretion in determining whether a prisoner is suitable for parole and, if so, when the prisoner should be released on parole.

The standards for the department's action in reducing the minimum eligible parole date and the standards for the board's decision whether to reduce the period of confinement are different. The department's decisions pursuant to Penal Code sections 2930 et seq. do not affect the Board's decision concerning postconviction credit pursuant to these rules.

A prisoner committed for first or second degree murder or attempted murder shall have his or her initial parole consideration hearing as provided in § 2268. The prisoner will have documentation hearings as provided in § 2269.1, but no specific amount of postconviction credit will be granted until the board has established a period of confinement.

Although many of the sections in this article are the same as the sections in Article 5, they are repeated in this article to avoid confusion between the rules applicable to prisoners who committed murders on or before November 7, 1978 and these rules which apply to prisoners who committed murders on or after November 8, 1978, and those who committed specified attempted murders. The suitability criteria are the same for both groups. The guidelines for establishing the periods of confinement are different because of the change in the minimum term for first degree murder and the change from a determinate to an indeterminate term for second degree murder and attempted murder. The provisions for adjusting the terms for other offenses are also different because of the change in Penal Code section 669 which permits courts to impose sentences consecutive to life terms (Stats. 1978, Ch. 579, eff. 1/1/79).

NOTE: Authority cited: Section 5076.2, Penal Code. Reference: Sections 182, 190, 664, 2930 et seq., 3040, 3041, 3046 and 5076.1, Penal Code.

1. New Article 11 (Sections 2400–2411) filed 9–8–81; effective thirtieth day thereafter (Register 81, No. 37).

2. Amendment filed 6–14–84; effective thirtieth day thereafter (Register 84, No. 24).

3. Amendment filed 11–13–85; effective thirtieth day thereafter (Register 85, No. 46).

4. Amendment filed 1–20–88; operative 2–19–88 (Register 88, No. 5).

5. Change without regulatory effect amending article heading and deleting the words "first degree" where they characterized the criminal offense of attempted murder in order to conform the regulation with the decision of the Supreme Court in *People v. Bright* (1996) 12 Cal.4th 652, 49 Cal.Rptr.2d 732, in which the court determined that the crime of attempted murder is not divided into degrees, filed 2–16–2001 pursuant to section 100, title 1, California Code of Regulations (Register 2001, No. 7).

6. Amendment of article heading, section and NOTE filed 5–13–2004 as an emergency; operative 5–17–2004 (Register 2004, No. 20). A Certificate of Compliance must be transmitted to OAL by 9–14–2004 or emergency language will be repealed by operation of law on the following day.

### § 2401. General.

A life prisoner shall be considered for parole for the first time at the initial parole consideration hearing scheduled as provided in Section 2268. A parole date shall be denied if the prisoner is found unsuitable for parole under Section 2402(c). A parole date shall be set if the prisoner is found suitable for parole under Section 2402(d). A parole date set under this article shall be set in a manner that provides uniform terms for offenses of similar gravity and magnitude with respect to the threat to the public.

In setting the parole date the panel shall consider the Sentencing Rules for the Superior Courts. The panel shall also consider the criteria and guidelines set forth in this article for determining the suitability for parole and the setting of parole dates, considering the number of victims of the crime for which the prisoner was sentenced and any other circumstances in mitigation or aggravation.

The terms in this article are guidelines only. The suggested terms serve as the starting point for the board's consideration of each case on an individual basis. The board may establish a term above or below the guidelines when warranted and reasons are stated on the record. A prisoner shall not be released before the minimum eligible parole date.

NOTE: Authority cited: Section 5076.2, Penal Code. Reference: Sections 3040 and 3041, Penal Code.

1. Amendment filed 8–12–82; effective thirtieth day thereafter (Register 82, No. 33).

2. Amendment filed 11–13–85; effective thirtieth day thereafter (Register 85, No. 46).

### § 2402. Determination of Suitability.

(a) General. The panel shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison.

(b) Information Considered. All relevant, reliable information available to the panel shall be considered in determining suitability for parole. Such information shall include the circumstances of the prisoner's social history; past and present mental state; past criminal history, including involvement in other criminal misconduct which is reliably documented; the base and other commitment offenses, including behavior before, during and after the crime; past and present attitude toward the crime; any conditions of treatment or control, including the use of special conditions under which the prisoner may safely be released to the community; and any other information which bears on the prisoner's suitability for release. Circumstances which taken alone may not firmly establish unsuitability for parole may contribute to a pattern which results in a finding of unsuitability.

(c) Circumstances Tending to Show Unsuitability. The following circumstances each tend to indicate unsuitability for release. These circumstances are set forth as general guidelines; the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel. Circumstances tending to indicate unsuitability include:

(1) Commitment Offense. The prisoner committed the offense in an especially heinous, atrocious or cruel manner. The factors to be considered include:

(A) Multiple victims were attacked, injured or killed in the same or separate incidents.



(B) The offense was carried out in a dispassionate and calculated manner, such as an execution–style murder.

(C) The victim was abused, defiled or mutilated during or after the offense.

(D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.

(E) The motive for the crime is inexplicable or very trivial in relation to the offense.

(2) Previous Record of Violence. The prisoner on previous occasions inflicted or attempted to inflict serious injury on a victim, particularly if the prisoner demonstrated serious assaultive behavior at an early age.

(3) Unstable Social History. The prisoner has a history of unstable or tumultuous relationships with others.

(4) Sadistic Sexual Offenses. The prisoner has previously sexually assaulted another in a manner calculated to inflict unusual pain or fear upon the victim.

(5) Psychological Factors. The prisoner has a lengthy history of severe mental problems related to the offense.

(6) Institutional Behavior. The prisoner has engaged in serious misconduct in prison or jail.

(d) Circumstances Tending to Show Suitability. The following circumstances each tend to show that the prisoner is suitable for release. The circumstances are set forth as general guidelines; the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel. Circumstances tending to indicate suitability include:

(1) No Juvenile Record. The prisoner does not have a record of assaulting others as a juvenile or committing crimes with a potential of personal harm to victims.

(2) Stable Social History. The prisoner has experienced reasonably stable relationships with others.

(3) Signs of Remorse. The prisoner performed acts which tend to indicate the presence of remorse, such as attempting to repair the damage, seeking help for or relieving suffering of the victim, or indicating that he understands the nature and magnitude of the offense.

(4) Motivation for Crime. The prisoner committed his crime as the result of significant stress in his life, especially if the stress has built over a long period of time.

(5) Battered Woman Syndrome. At the time of the commission of the crime, the prisoner suffered from Battered Woman Syndrome, as defined in section 2000(b), and it appears the criminal behavior was the result of that victimization.

(6) Lack of Criminal History. The prisoner lacks any significant history of violent crime.

(7) Age. The prisoner's present age reduces the probability of recidivism.

(8) Understanding and Plans for Future. The prisoner has made realistic plans for release or has developed marketable skills that can be put to use upon release.

(9) Institutional Behavior. Institutional activities indicate an enhanced ability to function within the law upon release.

NOTE: Authority cited: Sections 3041 and 5076.2, Penal Code. Reference: Sections 3041 and 4801, Penal Code.

HISTORY

1. New subsection (d)(5), subsection renumbering, and amendment of NOTE filed 3–16–2001 as an emergency; operative 3–16–2001, No. 11). A Certificate of Compliance must be transmitted to OAL by 7–16–2001 or emergency language will be repealed by operation of law on the following day.
2. Certificate of Compliance as to 3–16–2001 order transmitted to OAL 7–16–2001 and filed 8–20–2001 (Register 2001, No. 34).

§ 2403.  Base Term.

(a) General. The panel shall set a base term for each life prisoner who is found suitable for parole. The base term shall be established solely on the gravity of the base crime, taking into account all of the circumstances of that crime. If the prisoner has been received in prison for more than one murder committed on or after November 8, 1978, the base crime is the most serious of the murders considering the facts and circumstances of the crime. If the prisoner has been sentenced to prison for murders committed before November 8, 1978 and for murders committed on or after November 8, 1978, the base offense shall be the most serious of the murders committed on or after November 8, 1978.

The base term shall be established by utilizing the appropriate matrix of base terms provided in this section. The panel shall determine the category most closely related to the circumstances of the crime. The panel shall impose the middle base term reflected in the matrix unless the panel finds circumstances in aggravation or mitigation.

If the panel finds circumstances in aggravation or in mitigation as provided in §§ 2404 or 2405, the panel may impose the upper or lower base term provided in the matrix by stating the specific reason for imposing such a term. A base term other than the upper, middle or lower base term provided in the matrix may be imposed by the panel if justified by the particular facts of the individual case and if the facts supporting the term imposed are stated.

(b) Matrix of Base Terms for First Degree Murder committed on or after November 8, 1978.

CIRCUMSTANCES

| First Degree Murder | A. *Indirect* | B. *Direct or Victim Contribution* | C. *Severe Trauma* | D. *Torture* |
|---|---|---|---|---|
| Penal Code § 189 (in years and does not include post conviction credit as provided in § 2410) | Victim died of causes related to the act of the prisoner but was not directly assaulted by prisoner with deadly force; e.g., shock producing heart attack, a crime partner actually did the killing. | Death was almost immediate *or* resulted at least partially from contributing factors from the victim; e.g., victim initiated struggle or had goaded the prisoner. This does not include victim acting in defense of self or property. | Death resulted from severe trauma inflicted with deadly intensity; e.g., beating, clubbing, stabbing, strangulation, suffocation, burning, multiple wounds inflicted with a weapon not resulting in immediate death or actions calculated to induce terror in the victim. | Victim was subjected to the prolonged infliction of physical pain through the use of nondeadly force prior to act resulting in death. |
| I. *Participating Victim* Victim was accomplice or otherwise implicated in a criminal act with the prisoner during which or as a result of which the death occurred, e.g., crime partner, drug dealer, etc. | 25–26–27 | 26–27–28 | 27–28–29 | 28–29–30 |



| First Degree Murder | A. Indirect | B. Direct or Victim Contribution | C. Severe Trauma | D. Torture |
|---|---|---|---|---|
| **II. Prior Relationship** Victim was involved in a personal relationship with prisoner (spouse, family member, friend, etc.) which contributed to the motivation for the act resulting in death. If victim had a personal relationship but prisoner hired and/or paid a person to commit the offense, see Category IV. | 26–27–28 | 27–28–29 | 28–29–30 | 29–30–31 |
| **III. No Prior Relationship** Victim had little or no personal relationship with prisoner *or* motivation for act resulting in death was related to the accomplishment of another crime, e.g., death of victim during robbery, rape, or other felony. | 27–28–29 | 28–29–30 | 29–30–31 | 30–31–32 |
| **IV. Threat to Public Order or Murder for Hire** The act resulting in the victim's death constituted a threat to the public order including the murder of a police officer, correctional officer, public official, fellow patient or prisoner, any killing within an institution, or any killing where the prisoner hired and/or paid another person to commit the offense. | 28–29–30 | 29–30–31 | 30–31–32 | 31–32–33 |

SUGGESTED BASE TERM

(c) Matrix of Base Terms for Second Degree Murder committed on or after November 8, 1978.

CIRCUMSTANCES

| Second Degree Murder | A. Indirect | B. Direct or Victim Contribution | C. Severe Trauma |
|---|---|---|---|
| Penal Code § 189 (in years and does not include post conviction credit as provided in § 2410) | Victim died of causes related to the act of the prisoner but was not directly assaulted by prisoner with deadly force; e.g., shock producing heart attack, a crime partner actually did the killing. | Death was almost immediate *or* resulted at least partially from contributing factors from the victim; e.g., victim initiated struggle or had goaded the prisoner. This does not include victims acting in defense of self or property. | Death resulted from severe trauma inflicted with deadly intensity; e.g., beating, clubbing, stabbing, strangulation, suffocation, burning, multiple wounds inflicted with weapon not resulting in immediate death or actions calculated to induce terror in the victim. |
| **I. Participating Victim** Victim was accomplice or otherwise implicated in a criminal act with the prisoner during which or as a result of which the death occurred, e.g., crime partner, drug dealer, etc. | 15–16–17 | 16–17–18 | 17–18–19 |
| **II. Prior Relationship** Victim was involved in a personal relationship with prisoner (spouse, family member, friend, etc.) which contributed to the motivation for the act resulting in death. This category shall not be utilized if victim had a personal relationship but prisoner hired and/or paid a person to commit the offense. | 16–17–18 | 17–18–19 | 18–19–20 |
| **III. No Prior Relationship** Victim had little or no personal relationship with prisoner *or* motivation for act resulting in death was related to the accomplishment of another crime, e.g., death of victim during robbery, rape, or other felony. | 17–18–19 | 18–19–20 | 19–20–21 |

SUGGESTED BASE TERM



(d) Matrix of Base Terms for Attempted Willful, Deliberate and Premeditated Murder committed on or after January 1, 1987.

| Attempted Murder | CIRCUMSTANCES A. *Minor Injury* | B. *Victim Assaulted* | C. *Major Injury* | D. *Torture* |
|---|---|---|---|---|
| Penal Code § 664(a) (in years and does not include post conviction credit as provided in § 2410) | Victim unharmed or received minor injury. | Victim assaulted or otherwise seriously injured. | Victim suffered major injuries. | Victim was subjected to prolonged infliction of physical pain. |
| I. *Participating Victim* Victim was accomplice or otherwise implicated in a criminal act with the prisoner, e.g., crime partner, drug dealer, etc. | 7–8–9 | 8–9–10 | 9–10–11 | 10–11–12 |
| II. *Prior Relationship* Victim was involved in a personal relationship with prisoner, e.g., spouse, family member, friend, etc. which contributed to the motivation for the attempted murder. If victim had a personal relationship but prisoner hired and/or paid a person to commit the offense, use category IV. | 8–9–10 | 9–10–11 | 10–11–12 | 11–12–13 |
| III. *No Prior Relationship* Victim had little or no personal relationship with prisoner or the motivation for the attempted murder was related to the accomplishment of another crime, e.g., robbery, rape, or other felony. | 9–10–11 | 10–11–12 | 11–12–13 | 12–13–14 |
| IV. *Threat to Public Order or Murder for Hire* The attempted murder constituted a threat to the public order, e.g., police officer, correctional officer, public official, fellow patient or prisoner *or* any attempted murder within an institution, any attempted murder where the prisoner hired and/or paid another person to commit the offense. | 10–11–12 | 11–12–13 | 12–13–14 | 13–14–15 |

SUGGESTED BASE TERM

(e) Matrix of Base Terms for Attempted Murder of a Peace Officer or Firefighter committed on or after January 1, 1995.

| Attempted Murder | CIRCUMSTANCES A. *Minor Injury* | B. *Victim Assaulted* | C. *Major Injury* | D. *Torture* |
|---|---|---|---|---|
| Penal Code § 664(e) (in years and does not include post conviction credit as provided in § 2410) | Victim unharmed or received minor injury. | Victim assaulted or otherwise seriously injured. | Victim suffered major injuries. | Victim was subjected to prolonged infliction of physical pain. |
| I. Peace officer or firefighter was placed at risk of serious injury or death due to the act(s) of the prisoner. | 7–8–9 | 8–9–10 | 9–10–11 | 10–11–12 |
| II. The act was committed while the prisoner was fleeing or was attempting to flee from law enforcement officers or the manner in which the act was committed created a risk of injury to others e.g., high speed chase, shooting from a moving vehicle, fire set in inhabited building. | 8–9–10 | 9–10–11 | 10–11–12 | 11–12–13 |



| Attempted Murder | A. Minor Injury | B. Victim Assaulted | C. Major Injury | D. Torture |
|---|---|---|---|---|
| III. The act was committed in an attempt to preclude discovery of a crime committed by the prisoner and/or his/her crime partners. | 9–10–11 | 10–11–12 | 11–12–13 | 12–13–14 |
| IV. The prisoner committed an act causing a peace officer or firefighter to respond and then ambushed the peace officer or firefighter. | 10–11–12 | 11–12–13 | 12–13–14 | 13–14–15 |

SUGGESTED BASE TERM

(f) Matrix of Base Terms for Attempted Willful, Deliberate and Pre-meditated Murder of a Peace Officer or Firefighter committed on or after January 1, 1998.

CIRCUMSTANCES

| Attempted Murder | A. Minor Injury | B. Victim Assaulted | C. Major Injury | D. Torture |
|---|---|---|---|---|
| Penal Code § 664(f) (in years and does not include post conviction credit as provided in § 2410) | Victim unharmed or received minor injury. | Victim assaulted or otherwise seriously injured. | Victim suffered major injuries. | Victim was subjected to prolonged infliction of physical pain. |
| I. Peace officer or firefighter was placed at risk of serious injury or death due to the act(s) of the prisoner. | 15–16–17 | 16–17–18 | 17–18–19 | 18–19–20 |
| II. The act was committed while the prisoner was fleeing or was attempting to flee from law enforcement officers or the manner in which the act was committed created a risk of injury to others, e.g., high speed chase, shooting from a moving vehicle, fire set in inhabited building. | 16–17–18 | 17–18–19 | 18–19–20 | 19–20–21 |
| III. The act was committed in an attempt to preclude discovery of a crime committed by the prisoner and/or his/her crime partners. | 17–18–19 | 18–19–20 | 19–20–21 | 20–21–22 |
| IV. The prisoner committed an act causing a peace officer or firefighter to respond and then ambushed the peace officer or firefighter. | 18–19–20 | 19–20–21 | 20–21–22 | 21–22–23 |

SUGGESTED BASE TERM

(g) Base Terms of Other Life Crimes.

In considering life crimes for which no matrix is provided, the panel shall impose a base term by comparison to offenses of similar gravity and magnitude in respect to the threat to the public, and shall consider any relevant Judicial Council rules and sentencing information as well as any circumstances in aggravation or mitigation of the crime.

NOTE: Authority cited: Section 5076.2, Penal Code. Reference: Sections 182, 3040 and 3041, Penal Code.

HISTORY
1. Editorial correction filed 10–8–81; effective thirtieth day thereafter (Register 81, No. 41).
2. Amendment of subsection (a) filed 1–20–88; operative 2–19–88 (Register 88, No. 5).
3. Change without regulatory effect amending subsection (a) to clarify the applicability of the matrices in subsections (b) and (c) when setting the base term for prisoners sentenced to prison for attempted murder, filed 2–16–2001 pursuant to section 100, title 1, California Code of Regulations (Register 2001, No. 7).
4. Amendment of section and NOTE filed 5–13–2004 as an emergency; operative 5–17–2004 (Register 2004, No. 20). A Certificate of Compliance must be transmitted to OAL by 9–14–2004 or emergency language will be repealed by operation of law on the following day.

**§ 2404.  Circumstances in Aggravation of the Base Term.**

(a) General. The panel may impose the upper base term or another term longer than the middle base term upon a finding of aggravating circumstances. Circumstances in aggravation of the base term include:

(1) The crime involved some factors described in the appropriate matrix in a category higher on either axis than the categories chosen as most closely related to the crime;

(2) The victim was particularly vulnerable;

(3) The prisoner had a special relationship of confidence and trust with the victim, such as that of employee–employer;

(4) The murder was committed to preclude testimony of potential or actual witnesses during a trial or criminal investigation;

(5) The victim was intentionally killed because of his race, color, religion, nationality or country or origin;

(6) During the commission of the crime the prisoner had a clear opportunity to cease but instead continued;

(7) The manner in which the crime was committed created a potential for serious injury to persons other than the victim of the crime;



Case 3:08-cv-03807-PJH    Document 1-2    Filed 08/08/2008    Page 7 of 14

(8) The murder was wanton and apparently senseless in that it was committed after another crime occurred and served no purpose in completing that crime;

(9) The corpse was abused, mutilated or defiled;

(10) The prisoner went to great lengths to hide the body or to avoid detection;

(11) The murder was committed to prevent discovery of another crime;

(12) The murder was committed by a destructive device or explosives;

(13) There were multiple victims for which the term is not being enhanced under Section 2407;

(14) The prisoner intentionally killed the victim by the administration of poison;

(15) The prisoner intentionally killed the victim by lying in wait;

(16) The prisoner occupied a position of leadership or dominance over other participants in the commission of the crime, or the prisoner induced others to participate in the commission of the crime;

(17) The prisoner has a history of criminal behavior for which the term is not being enhanced under Section 2407;

(18) The prisoner has engaged in other reliably documented criminal conduct which was an integral part of the crime for which the prisoner is currently committed to prison;

(19) The prisoner was on probation or parole or was in custody or had escaped from custody at the time the crime was committed;

(20) Any other circumstances in aggravation including those listed in the Sentencing Rules for the Superior Courts.

NOTE: Authority cited: Section 5076.2, Penal Code. Reference: Sections 3040 and 3041 Penal Code.

## § 2405. Circumstances in Mitigation of the Base Term.

(a) General. The panel shall impose the lower base term or another term shorter than the middle base term upon a finding of mitigating circumstances. Circumstances in mitigation of the base term include:

(1) The crime involved some factors described in the appropriate matrix in a category lower on either axis than the categories chosen as most closely related to the crime;

(2) The prisoner participated in the crime under partially excusable circumstances which do not amount to a legal defense;

(3) The prisoner had no apparent predisposition to commit the crime but was induced by others to participate in its commission;

(4) The prisoner tried to help the victim or sought aid after the commission of the crime or tried to dissuade a crime partner from committing other offenses;

(5) The prisoner was a passive participant or played a minor role in the commission of the crime;

(6) The crime was committed during or due to an unusual situation unlikely to reoccur;

(7) The crime was committed during a brief period of extreme mental or emotional trauma;

(8) The prisoner has a minimal or no history of criminal behavior;

(9) Battered Woman Syndrome. At the time of the commission of the crime, the prisoner suffered from Battered Woman Syndrome, as defined in section 2000(b), and it appears the criminal behavior was the result of that victimization.

(10) Any specific factors in mitigation, including those listed in the Sentencing Rules for the Superior Courts.

NOTE: Authority cited: Sections 3041 and 5076.2, Penal Code. Reference: Sections 3040, 3041 and 4801, Penal Code.

### HISTORY

1. New subsection (a)(9), subsection renumbering, and amendment of NOTE filed 3–16–2001 as an emergency; operative 3–16–2001 (Register 2001, No. 11). A Certificate of Compliance must be transmitted to OAL by 7–16–2001 or emergency language will be repealed by operation of law on the following day.
2. Certificate of Compliance as to 3–16–2001 order transmitted to OAL 7–16–2001 and filed 8–20–2001 (Register 2001, No. 34).

## § 2406. Adjustment for Weapons, Great Loss and Prior Prison Terms.

(a) General. Effective January 1, 1979, Penal Code Section 669 was

amended to permit the court to impose enhancements under Penal Code Sections 12022, 12022.5, 12022.6 and 667.5 consecutive to a life sentence (Stats. 1978, Ch. 579). Since the court has discretion whether to impose or strike the punishment upon a finding that the prisoner used a deadly or dangerous weapon, was armed with a firearm, used a firearm, caused great loss or served prior prison terms, the board shall consider the court's action in determining the adjustment under this section.

(b) Punishment Imposed by the Court. If the court imposed the consecutive punishment for the enhancement, the board shall not add an additional adjustment for using a deadly or dangerous weapon, being armed with a firearm, using a firearm, causing great loss in committing the murder, or having served a prior prison term.

(c) Punishment Stricken by Court. If the court struck the punishment upon a finding of circumstances in mitigation, the board shall consider any circumstances in mitigation. The board may add an adjustment for using a deadly or dangerous weapon, being armed with a firearm, using a firearm, causing great loss or having served a prior prison term. The suggested adjustment is one–half the punishment that was stricken by the court.

(d) No Allegation or Finding. If the board finds that the prisoner used a deadly or dangerous weapon, was armed with a firearm, used a firearm, caused great loss or served a prior prison term although that fact was not found to be true at the time of the prisoner's conviction, the board may add an adjustment based on that finding. The adjustment should be less than the adjustment suggested in subdivision (c) of this section.

In adding adjustments for prior prison terms under this subsection, the panel should consider the length of time between the prisoner's release from custody and commission of a new offense.

NOTE: Authority cited: Section 5076.2, Penal Code. Reference: Sections 669, 3040, 3041, 12022, 12022.5, 12022.6 and 12022.7, Penal Code.

## § 2407. Adjustments for Other Offenses.

(a) General. Effective January 1, 1979 Penal Code Section 669 was amended to permit the court to impose sentences for other crimes to be served consecutively to a life sentence (Stats. 1978, Ch. 579). Since the court has discretion to order that the sentences for more than one crime be served consecutively, the board shall consider the court's action in determining the adjustment pursuant to this section.

(b) Multiple Convictions.

(1) General. The board shall not add adjustments for convictions for which the prisoner has been pardoned or which have been reversed by an appellate court.

(2) Consecutive Life Sentences Imposed by the Court. If the court imposed consecutive life sentences the board shall determine the base crime and base term as provided in Section 2403(a). The board shall add adjustments for the remaining life crimes. The adjustment for each remaining life crime shall be a period of time commensurate with the nature of the crime but no less than the period of parole ineligibility for the crime. In no case will the parole date for consecutive sentences be earlier than the parole date for concurrent sentences.

(3) Concurrent Life Sentences Imposed by the Court. If the court imposed concurrent life sentences, the board may add an adjustment because the prisoner has been convicted of more than one crime. The suggested adjustment is the greater of:

(A) Time served on the nonbase life crime prior to reception on the base offense; or

(B) The following adjustment:

1. First degree murder: 13 years for a first degree murder committed on or after November 8, 1978.

2. Second degree murder: 8 years for a second degree murder committed on or after November 8, 1978.

3. One–half the period of parole ineligibility for other life crimes.

(4) Consecutive Nonlife Sentences Imposed by the Court. If the court imposed consecutive nonlife sentences the Board shall not add additional adjustment for the nonlife crime.



(5) Concurrent Nonlife Sentences Imposed by the Court. If the court imposed concurrent nonlife sentences, the board may add an adjustment because the prisoner has been convicted of more than one crime. The suggested adjustment is the greater of:

(A) Time served for the nonlife crime prior to reception on the life offense; or

(B) One–half the determinate term imposed by the court; or

[The next page is 77.]

Register 2004, No. 20; 5–14–2004

SUPERIOR COURT

EXHIBIT - A

## *SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES*

**DEPT 100**

| Date: | JULY 31, 2007 | | | |
|---|---|---|---|---|
| Honorable: PETER ESPINOZA | | Judge | JOSEPH M. PULIDO | Deputy Clerk |
| NONE | | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH004292

In re,
SHAWN ALLS,
    Petitioner,

On Habeas Corpus

Counsel for Petitioner:

. Counsel for Respondent:

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

    The Court has read and considered the petition for a writ of habeas corpus filed September 25, 2006 and continued to July 31, 2007 for adjudications. Petitioner contends that because his initial parole hearing date was extended in error by the Board of Prison Terms, they have lost jurisdiction to further act in this matter and the Court should grant him a parole date.

    Petitioner does have a protected liberty interest in parole. He also has a right to an initial hearing for a parole release date one year prior to his minimum eligible parole release date.

    While it is regrettable that those rights were violated, the violations in and of themselves do not deprive the Board of continuing jurisdiction in the matter of parole. No matter how long an inmate has been confined, he will not be paroled until he has been found suitable for parole by the Board. (Title 15 CCR section 2402.) It would appear petitioner has not been found suitable for parole. If he chooses to contest that finding petitioner must file a complete transcript of the suitability hearing being challenged. That would allow the Court to determine whether the conduct of the Board was arbitrary or capricious.

    The request to have the Court take jurisdiction of this matter is denied.

    The clerk is directed to give notice to petitioner and the Office of the Attorney General.

    A true copy of this minute order is sent via U.S. Mail to the following parties:

Shawn Alls
E-62453
Correctional Training Facility
P.O. Box 689
Soledad, California 93960-0689

Department of Justice- State of California
Office of the Attorney General
110 West A Street, Suite 1100
San Diego, California 92101
Attn: Ms. Cynthia Lumely

Minutes Entered
07-31-07
County Clerk

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>    Clara Shortridge Foltz Criminal Justice Center<br>    210 West Temple Street<br>    Los Angeles, CA  90012 | **CONFORMED COPY**<br><br>AUG 06 2007<br><br>LOS ANGELES<br>SUPERIOR COURT |
| PLAINTIFF/PETITIONER:<br><br>    SHAWN ALLS | Joseph M. Pulido |
| **CLERK'S CERTIFICATE OF MAILING**<br>CCP, § 1013(a)<br>Cal. Rules of Court, rule 2(a)(1) | CASE NUMBER:<br><br>BH004292 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served:

☐ Order Extending Time                    ☑ Order re: Writ of Habeas Corpus
☐ Order to Show Cause                     ☐ Order
☐ Order for Informal Response             ☐ Order re:
☐ Order for Supplemental Pleading         ☐ Copy of Petition for Writ of Habeas Corpus for the
                                             Attorney General

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to the cause. I served this document by placing true copies in envelopes addressed as shown below and then by sealing and placing them for collection; stamping or metering with first-class, prepaid postage; and mailing on the date stated below, in the United States mail at Los Angeles County, California, following standard court practices.

AUG 0 6 2007

DATED AND DEPOSITED

JOHN A. CLARKE, Executive Officer/Clerk

By: _Joseph M. Pulido_ , Clerk
        Joseph M. Pulido

Shawn Alls
E-62453
Correctional Training Facility
P.O. Box 689
Soledad, California 93960-0689


Department of Justice- State of California
Office of the Attorney General
110 West A Street, Suite 1100
San Diego, California 92101
Attn: Ms. Cynthia Lumely

Exhibit B.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

COURT OF APPEAL - SECOND DIST.

𝕱 𝕴 𝕷 𝕰 𝕯

### DIVISION THREE

DEC 1 8 2007

JOSEPH A. LANE          Clerk

In re

SHAWN ALLS

on

Habeas Corpus.

V. GRAY          Deputy Clerk

B203683

(Los Angeles County
Super. Ct. No. NA000134)
(Peter Paul Espinoza, Judge)

ORDER

BY THE COURT:

The petition for writ of habeas corpus, filed November 19, 2007, has been read
and considered.

It is requested that opposition be filed on or before January 23, 2008.

Any reply may be filed on or before February 15, 2008.

Shawn Alls
CDC:E62453
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960


Case Number B203683
Division 3

In re SHAWN ALLS on Habeas Corpus.

ATTORNEY GENERAL

Exhibit C

*EDMUND G. BROWN JR.*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*



110 WEST A STREET, SUITE 1100
SAN DIEGO, CA 92101
P.O. BOX 85266
SAN DIEGO, CA 92186-5266

Public: (619) 645-2001
Telephone: (619) 525-4398
Facsimile: (619) 645-2581
E-Mail: Kim.Aarons@doj.ca.gov

March 11, 2008

Joseph A. Lane, Clerk
California Court of Appeal
Second Appellate District, Division Three
300 South Spring Street, Second Floor
Los Angeles, California 90013

RE:    RESPONSE TO REQUEST FOR OPPOSITION
       In re Shawn Alls, Case No. B203683

Dear Mr. Lane:

This informal response is submitted pursuant to the Court's December 18, 2007, request for respondent's opposition to the petition for writ of habeas corpus filed by life inmate Shawn Alls. In the present petition, Alls alleges that the California Department of Corrections and Rehabilitation (CDCR) violated his due process rights by failing to conduct his initial parole consideration hearing in a timely manner. Specifically, Alls contends that the CDCR improperly changed his minimum eligible parole date (MEPD) from March 23, 2006 to September 19, 2006, and, at the time of filing his superior court petition in June 2006, he had not yet received his initial parole consideration hearing. (Petn., attach.)

Respondent submits that Alls' claim is moot because he has already received his initial parole consideration hearing and his correctional records have been updated to correct the error in calculating his MEPD. Accordingly, the petition must be dismissed.

## A.    Alls' Claim Is Moot.

It is a court's duty "to decide actual controversies by a judgment [that] can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law [that] cannot affect the matter in issue in the case before it." (*Chantiles v. Lake Forest II Master Homeowners Assn.* (1995) 37 Cal.App.4th 914, 921.) It necessarily follows that, when an event occurs making it impossible for the court to grant petitioner any effectual relief whatsoever, the court must dismiss the petition. (*Id.*)

March 11, 2008
Page 2

        In the present case, there is no relief that the court can order. It is well settled that, when
a due process violation is alleged, the proper remedy is to provide the process due. (*In re Carr*
(1995) 38 Cal.App.4th 208, 218.) Here, Alls already received all of the process that he is entitled
to -- his initial parole consideration hearing, which was held on September 24, 2006. (Exh. A -
2006 Parole Consideration Hearing Tr.; Exh. B - Chronological History Report) In addition,
Alls' correctional records were updated to reflect a minimum eligible parole date of March 23,
2006. (Exh. C - Life Prisoner Hearing Decision Face Sheet.) Thus, the petition must be
dismissed as moot.



                                        Sincerely,


                                        KIM AARONS
                                        Deputy Attorney General


                        For     EDMUND G. BROWN JR.
                                Attorney General


KA:


70114773.wpd

REPLY TO OPPOSITION

Exhibit D

1 | Shawn Alls E-62453

2 | P.O. Box 689

3 | Soledad, Ca.93960

4 | Z-208L

5 |

6 | In re Shawn Alls, Case.B203683

7 |

8 | Joseph A. Lane

9 | California Court of Appeal

10 | Second Appellate District Div. Three

11 | 310 South Spring Street, Second Floor

12 | Los Angeles, California 90013

13 |

14 | March 18, 2008

15 | Re: Reply To Respondent's Opposition.

16 |

17 | This informal reply is submitted pursuant to the Appellate

18 | Court order regarding petitioner's Writ of Habeas Corpus

19 | filed December 18, 2007.

20 |

21 | Dear Mr.Lane

22 |

23 | The Superior Court stated in their ruling; "The Court has read

24 | and considered petition for writ of habeas corpus filed September

25 | 25, 2006 and continued to July 31, 2007 for adjudications.

26 | Petitioner contends that because his initial parole hearing date

27 | was extended in error by the Board of Prison Terms, they have

28 |

1

1  lost jurisdiction to further act in this matter and the Court
2  should grant him a parole date."

3  The Court ruled, "Petitioner does have a protected liberty
4  interest in parole. He also has a right to an initial hearing
5  for a parole release date one year prior to his minimum eligible
6  parole release date."

7  The Court further stated, "While it is regrettable that those
8  rights were violated, the violations in and of themselves do not
9  deprive the Board of continuing jurisdiction in the matter of
10 parole. No matter how long an inmate has been confined, he will
11 not be paroled unit he has been found suitable for parole by the
12 Board.(Title 15 CCR section 2402.)" (see exhibit [A])

13 The clerk was directed to give notice to petitioner and the
14 Office of the Attorney General. Petitioner filed a writ of
15 habeas corpus in the Second Appellate District of Appeal, which
16 petitioner contended: (1) The Superior Court erred in rending
17 its decision that "No matter how long an inmate has been
18 confined, he will not be paroled until he has been found suitable
19 for parole by the Board. (Title 15 CCR section 2402)." (see
20 exhibit [B] attachment page [1]) Petitioner contends, this is in
21 error in that Title 15 CCR does not apply to petitioner's case
22 factors. (2) Petitioner contended, "In this case the Superior
23 Court relied on the Parole Board's regulations despite the fact
24 it was the Parole Board who violated petitioner's rights by not
25 following their own regulations. (see exhibit [B] attachment page
26 [6]). The Superior Court ruling as to the rights of the
27 petitioner were clear, as well as petitioner's appeal to the
28 Second Appellate District.

2

1   The Attorney General asserted this case is moot, due to the fact

2   that petitioner attended his initial hearing September 24, 2006

3   approximately ten months (10) prior to the Superior Court ruling

4   July 31, 2007.  The Superior Court did not consider this case to

5   be moot, in fact found that petitioner does have a liberty

6   interest, and further that said interest had been violated.

7   Petitioner contends this issue is likely to recur;  In Re Scott

8   119 Cal.App.4th 871, fn.1.  Therefore, the attorney general's

9   opposition should be dismissed.

10

11                                      Sincerely

12

13                                      Shawn Alls

14

15                                      Shawn Alls

16

17

18

19

20

21

22

23

24

25

26

27

28

3

Appellant Court Denial

Exhibit. E

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

COURT OF APPEAL - SECOND DIST
FILED

APR 1 0 2008
JOSEPH A. LANE                        Clerk
V. GRAY
                                   Deputy Clerk

| | |
|---|---|
| In re | B203683 |
| SHAWN ALLS | (Los Angeles County Super. Ct. No. NA000134) (Peter Paul Espinoza, Judge) |
| on | |
| Habeas Corpus. | ORDER |

BY THE COURT:

The petition for writ of habeas corpus, filed November 19, 2007, has been read and considered with the opposition filed March 12, 2008, and the replies filed March 24, 2008, and March 25, 2008.

Petitioner was granted an initial parole consideration hearing prior to his minimum eligible parole date. Accordingly, his liberty interest in parole was not violated.

The petition is denied.

Shawn Alls
CDC:E62453
Correctional Training Facility
P.O. Box 686
Soledad, CA 93960

Case Number B203683
Division 3

In re SHAWN ALLS on Habeas Corpus.

PETITION FOR REVIEW DENIED

EXHIBIT F

Court of Appeal, Second Appellate District, Div. 3 - No. B203683
**S162747**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re SHAWN ALLS on Habeas Corpus

The petition for review is denied.

SUPREME COURT
FILED

MAY **2 1** 2008

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice

BARCLAY CALIFORNIA
CODE OF REGULATION

Exhibit G.

Abstract of Judgement

Exhibit H

```
JUDGE  CARLEANDER                        PUBLIC  BARRERA
       ARTHUR H JEAN JR                         T CLAUSSEN
       H MALDYOGEL                       Reporter
NA000134-04
                            Parties and counsel checked if present
PEOPLE OF THE STATE OF CALIFORNIA            Counsel for People
                                       DEPUTY DISTRICT ATTORNEY  R Buchnotch
          vs                                Jon E Chanelton
04  ALLS  SHAWN CHRISTOPHER             Counsel for Defendant  X WELCH  987-2
          182-1    01CTS    664                          187    01CTS 2nd 1/2
(BOX CHECKED IF ORDER)
```

F PROCEEDINGS

☐ _____ SWORN AS THE ENGLISH/ _____ INTERPRETER
☐ PUBLIC DEFENDER APPOINTED, D.P.D. _____ REN ☐ OATH FILED PER SECTION 68560 GOVERNMENT CODE
☐ DUE TO CONFLICT OF INTERESTS, PUBLIC DEFENDER RELIEVED; PURSUANT TO PENAL CODE SECTION 987.2/GOVERNMENT CODE SECTION 31000
☐ ALTERNATE DEFENSE COUNSEL _____ IS APPOINTED.
☒ CRIMINAL PROCEEDINGS BEGAN/RESUMED.
☐ DEFENDANT ORDERED DELIVERED TO DEPARTMENT OF CORRECTIONS PER SECTION 1203.03 PENAL CODE.

☐ ON _____ MOTION, PROBATION AND SENTENCE HEARING/FURTHER PROCEEDINGS CONTINUED TO _____
AT _____ A.M. IN DEPT. _____ ☐ SUPPLEMENTAL PROBATION REPORT/PROGRESS REPORT ORDERED
☐ DEFENDANT PERSONALLY AND ALL COUNSEL WAIVE TIME FOR SENTENCING. ☐ DEFENDANT ORDERED TO RETURN.

☒ PROBATION DENIED / PROCEEDINGS SUSPENDED / SENTENCE IMPOSED AS FOLLOWS:
☒ IMPRISONED IN STATE PRISON FOR ☒ TERM PRESCRIBED BY LAW ☒ TOTAL OF 25 YEARS to Life MONTHS
☒ COURT SELECTS THE _____ TERM OF 25 Years & Life as FOR THE BASE TERM AS TO COUNT I
☐ PLUS _____ YEAR(S) PURSUANT TO PENAL CODE SECTION _____
☐ as per Count II AS INDICATED IN BOX 88 BELOW.
☐ COMMITTED TO CALIFORNIA YOUTH AUTHORITY. THE TERM OF IMPRISONMENT TO WHICH THE DEFENDANT WOULD
   HAVE BEEN SENTENCED PURSUANT TO SECTION 1170 PENAL CODE IS _____ YEARS
☐ IMPRISONED IN LOS ANGELES COUNTY JAIL FOR TERM OF _____ DAYS
☐ FINED IN SUM OF $ _____ PLUS ADDITIONAL FINE OF $ _____ (11372.5 HEALTH & SAFETY CODE) FOR A
   TOTAL FINE OF $ _____ PLUS $ _____ ASSESSMENT AND SURCHARGE (1464 PC & 76000GC), TO
   BE PAID TO COUNTY CLERK. ☐ PAY RESTITUTION FINE IN SUM OF $ _____ PURSUANT TO SECTION 13967(a)
   GOVERNMENT CODE PAYABLE TO RESTITUTION FUND
   SENTENCE IS SUSPENDED.

☐ 1 PROBATION GRANTED FOR A PERIOD OF _____ YEARS ☐ PROBATION TO BE WITHOUT FORMAL SUPERVISION.
☐   SPEND FIRST _____ DAYS IN COUNTY JAIL. ☐ ROAD CAMP OR HONOR FARM RECOMMENDED.
☐   ☐ WORK/FURLOUGH PROGRAM RECOMMENDED. ☐ NOT TO BE ELIGIBLE FOR COUNTY PAROLE
☐ 2 FINED IN SUM OF $ _____ PLUS ADDITIONAL FINE OF $ _____ (11372.5 HEALTH & SAFETY CODE) FOR A
   TOTAL FINE OF $ _____ PLUS $ _____ ASSESSMENT AND SURCHARGE (1464 PC & 76000GC), TO
   BE PAID TO PROBATION OFFICER IN SUCH MANNER AS HE SHALL PRESCRIBE.
☐   MAKE RESTITUTION OF $ _____ TO THE VICTIM/RESTITUTION FUND PURSUANT TO SECTION 1203.04
   PENAL CODE IN SUCH MANNER AS THE PROBATION OFFICER SHALL PRESCRIBE. ☐ TOTAL AMOUNT OF RESTITUTION TO
   INCLUDE _____ % SERVICE CHARGE AS AUTHORIZED BY SECTION 1203.1 P.C.
☐   PAY RESTITUTION FINE IN SUM OF $ _____ PURSUANT TO SECTION 13967(a) GOVERNMENT CODE PAYABLE TO
   PROBATION DEPARTMENT IN SUCH MANNER AS SHALL PRESCRIBE. ☐ SAID FINE TO BE STAYED WHILE DEFENDANT PAYS RESTITUTION
   IF RESTITUTION IS PAID IN FULL, STAY SHALL BE PERMANENT.
☐ 4  MINIMUM PAYMENT OF FINE/RESTITUTION TO BE $ _____
☐ 5  NOT DRINK ANY ALCOHOLIC BEVERAGE AND STAY OUT OF PLACES WHERE THEY ARE THE CHIEF ITEM OF SALE.
☐ 6  NOT USE OR POSSESS ANY NARCOTICS, DANGEROUS OR RESTRICTED DRUGS OR ASSOCIATED PARAPHERNALIA, EXCEPT WITH VALID
   PRESCRIPTION, AND STAY AWAY FROM PLACES WHERE USERS CONGREGATE.
☐ 7  NOT ASSOCIATE WITH PERSONS KNOWN BY YOU TO BE NARCOTIC OR DRUG USERS OR SELLERS.
☐ 8  SUBMIT TO PERIODIC ANTI-NARCOTIC TESTS AS DIRECTED BY THE PROBATION OFFICER. SUCH TESTING TO BE SUSPENDED WHILE THE
   DEFENDANT IS IN CUSTODY, IS HOSPITALIZED, OR IS IN A RESIDENTIAL DRUG TREATMENT PROGRAM APPROVED BY PROBATION
   OFFICER.
☐ 9  HAVE NO BLANK CHECKS IN POSSESSION. NOT WRITE ANY PORTION OF ANY CHECKS. NOT HAVE BANK ACCOUNT UPON WHICH YOU
   MAY DRAW CHECKS.
☐ 10  NOT GAMBLE OR ENGAGE IN BOOKMAKING ACTIVITIES OR HAVE PARAPHERNALIA THEREOF IN POSSESSION, AND NOT BE PRESENT IN
   PLACES WHERE GAMBLING OR BOOKMAKING IS CONDUCTED.
☐ 11  NOT ASSOCIATE WITH _____
☐ 12  COOPERATE WITH PROBATION OFFICER IN A PLAN FOR _____
☐ 13  SUPPORT DEPENDENTS AS DIRECTED BY PROBATION OFFICER.
☐ 14  SEEK AND MAINTAIN TRAINING, SCHOOLING OR EMPLOYMENT AS APPROVED BY PROBATION OFFICER.
☐ 15  MAINTAIN RESIDENCE AS APPROVED BY PROBATION OFFICER.
☐ 16  SURRENDER DRIVER'S LICENSE TO CLERK OF COURT TO BE RETURNED TO DEPARTMENT OF MOTOR VEHICLES.
☐ 17  NOT DRIVE A MOTOR VEHICLE UNLESS LAWFULLY LICENSED AND INSURED.
☐ 18  NOT OWN, USE OR POSSESS ANY DANGEROUS OR DEADLY WEAPONS.
☐ 19  SUBMIT PERSON AND PROPERTY TO SEARCH OR SEIZURE AT ANY TIME OF THE DAY OR NIGHT BY ANY LAW ENFORCEMENT OFFICER,
   WITH OR WITHOUT A WARRANT.
☐   OBEY ALL LAWS, ORDERS, RULES AND REGULATIONS OF THE PROBATION DEPARTMENT AND OF THE COURT.

☒ DEFENDANT GIVEN TOTAL CREDIT FOR 502 DAYS IN CUSTODY. ( 335 DAYS ACTUAL CUSTODY AND 167 DAYS GOOD TIME/WORK TIME)
☐ SENTENCE/COUNTS TO RUN CONSECUTIVELY TO/CONCURRENTLY WITH any other cases
☐ STAY OF EXECUTION OF _____ GRANTED TO _____

☐ ON MOTION OF PEOPLE/COUNTS _____ DISMISSED IN FURTHERANCE OF JUSTICE.
☒ COURT ADVISES DEFENDANT OF HIS APPEAL/PAROLE RIGHTS.
☐ NOTICE RE CERTIFICATE OF REHABILITATION AND PARDON GIVEN TO DEFENDANT.
☐ DEFENDANT TO PAY COSTS OF PROBATION SERVICES IN AMOUNT OF $ _____
☐ COURT FINDS THAT DEFENDANT DOES NOT HAVE THE PRESENT ABILITY TO PAY COSTS OF INCARCERATION/LEGAL SERVICES RENDERED/
   PROBATION SERVICES RENDERED.
☐ DEFENDANT IS REFERRED TO TREASURER/TAX COLLECTOR FOR FINANCIAL EVALUATION.
☐ FURTHER ORDER AS FOLLOWS/ADDITIONAL CONDITIONS OF PROBATION As to Count 2, court selects the
_term of NINE years. This Sentence is STAYED pursuant to section
_520 P Code (. Defendant is ordered transferred to custody of
_outh Authority per 1731.5(c) Welfare & Institutions Code. (.)

☐ SHERIFF IS ORDERED TO ALLOW DEFENDANT _____ PHONE CALLS AT DEFENDANT'S OWN EXPENSE
☐ DEFENDANT FAILS TO APPEAR WITH/WITHOUT SUFFICIENT EXCUSE.
☐ BAIL, IF POSTED, FORFEITED/O.R. REVOKED. BENCH WARRANT ORDERED ISSUED/REISSUED/AND HELD UNTIL _____
☐ ☐ NO BAIL/BAIL FIXED AT $ _____
☐ DEFENDANT APPEARING BENCH WARRANT ORDERED RECALLED/QUASHED ☐ RECALL NO. _____ ☐ WRITTEN ☐ ABSTRACT FILED

```
78-128
NDED      ☐ BAIL          ☐ BAIL EXON.        ☐ BOND NO. _____         MINUTES ENTERED
          ☐ O.R.          ☐ O.R. DISCHARGED   ☐ ON PROBATION  14,39          6-22-90
          ☐ BENCH WARRANT                     ☐ IN CUSTODY OTHER MATTER     COUNTY CLERK
1717-80                    MINUTE ORDER                                     JUN 22, 1990
```

Shawn Alls #E-62453
C.T.F., Central/ZW-208L
P.O. BOX 689
Soledad, CA 93960-0689



7007 0220 0001 4578







U.S. POSTAGE
PAID
LONG BEACH.CA
90810
AUG 05, 08
AMOUNT

$7.43
00048832-08

0000     94102

0779

Clerk of the United States District Court
Northern District of California
450 Golden Gate Avenue
BOX 36060
San Francisco CA 94102

```
Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611022276
Cashier ID: almaceh
Transaction Date: 08/08/2008
Payer Name: SHAWN ALLS
-----------------------------------
WRIT OF HABEAS CORPUS
 For: SHAWN ALLS
 Case/Party: D-CAN-3-08-CV-003807-001
 Amount:        $5.00
-----------------------------------
MONEY ORDER
 Check/Money Order Num: 12647604947
 Amt Tendered: $5.00
-----------------------------------
Total Due:      $5.00
Total Tendered: $5.00
Change Amt:     $0.00

PJH


Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it  was drawn.
```