United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN C. ALLS, | No. C 08-3807 PJH (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| vs. | |
| BEN CURRY, Warden, | |
| Respondent. | |

Petitioner, a California prisoner currently incarcerated at the Correctional Training Falcility, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper in this district because the petition goes to the execution of petitioner's sentence and he is confined in this district. *See* 28 U.S.C. § 2241(d).

**DISCUSSION**

**A.   Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C.

foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Discussion**

Petitioner says that he has state habeas petitions now pending before a California Superior Court and the California Supreme Court. A review of the California Supreme Court's website confirms that petitioner does have a habeas case pending there.

The Ninth Circuit has held unequivocally that the exhaustion requirement is not satisfied if there is a pending proceeding in state court, even if the issue the petitioner seeks to raise in federal court has been finally determined by the highest available state court in another context. *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). This is because the pending state action might result in reversal of the conviction on some other ground, mooting the federal case. *Id.* This is true not only in the *Sherwood* fact pattern, where although a direct appeal was pending the federal issues had been decided by the state courts via another procedural route, but also to this fact pattern, in which a state postconviction proceeding is pending. *See Schnepp v. Oregon*, 333 F.2d 288 (9th Cir. 1964). Although *Younger* abstention[1] might seem a better rationale for this requirement than exhaustion, *see Phillips v. Vasquez*, 56 F.3d 1030, 1038-39 (9th Cir. 1995) (concurring opinion), the court is nevertheless required to follow *Sherwood*.

The petition must be dismissed without prejudice to refiling it when no further proceedings are pending in the California state courts. *See Sherwood*, 716 F.2d at 634 (if state court action is pending, claims are not exhausted).

///

---

[1]  *Younger v. Harris*, 401 U.S. 37, 54 (1971).

## CONCLUSION

For the reasons set out above the petition is **DISMISSED** without prejudice. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 8, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\ALLS3807.DSM.wpd